HOWARD *v.* STATE OF INDIANA.

[No. 1267S164. Filed January 31, 1969.]

*Robert S. McCain* and *Kenneth M. Waterman,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General and *Richard V. Bennett,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by William K. Howard from a conviction, after jury trial, of murder in the first degree. Ind. Anno. Stat. § 10-3401. The appellant has been sentenced to the Indiana State Prison for life. The victim of the homicide was the appellant's wife.

In view of the disposition that we have determined must be made of this case, a lengthy narrative of the evidence will not be necessary.

Prior to the trial, appellant petitioned the trial court for leave to take the depositions of two police officers whose names were endorsed on the indictment as witnesses in the case. This petition, omitting formal parts, reads as follows:

"The defendant, William K. Howard, in the above entitled cause, by counsel hereby requests leave of Court to take the depositions of Roosevelt Warren, 520 E. Brackenridge Street, Fort Wayne, Indiana, and Jimmy Griggs, 2535 S. Hanna Street, Fort Wayne, Indiana, witnesses in the above entitled cause as shown by endorsement on the indictment in this cause, said witnesses residing within the State of Indiana."

By the above petition, the court was informed that the reason the defendant wished to depose the two persons named therein was that they were named on the indictment as material witnesses.

In the recent case of *Bernard* v. *State* (1967), 248 Ind. 688, 230 N. E. 2d 536, we held that after a defendant has shown that discovery is necessary to preparation of his case, it should be granted absent a more compelling showing by the state that such an order would unfairly hamper

the prosecution do a disservice to the public interest. See also, *People* v. *Johnson* (1959), 356 Mich. 619, 97 N. W. 2d 739. To this extent the discretion of the trial court in ruling upon a petition by defendant for permission to discover witnesses is limited.

> "The purpose of the *Bernard* doctrine is to insure justice and fairness in criminal proceedings, and it is axiomatic that an accused is not justly and fairly tried when his counsel is compelled to maneuver in a factual vacuum. Nor is fairness and justice enhanced when convictions are gained through surprise, or by the prosecution misleading the defense." *Johns* v. *State* (1968), 251 Ind. 172, 240 N. E. 2d 60, 64.

The granting of a defendant's petition to depose prosecution witnesses can only assist in accomplishing the just disposition of criminal charges unless the state is able to show a paramount interest sufficient to shield the witnesses from questioning by the defense. Where no such paramount interest is shown, the allowance of discovery is a clear recognition that a criminal prosecution is not a game but rather a system designed to discover the truth and reach a just result.

In this case, no such paramount interest was brought forth by the state, and we therefore hold that the trial court abused its discretion in refusing to grant the defendant permission to depose the two state's witnesses. Therefore, we must reverse the conviction of the defendant.

In so doing we wish to reiterate that we will continue to follow the policy expressed in *Bernard* v. *State, supra,* that the State need not "lay bare its case" in advance of trial in order to facilitate the preparation of the defendant's case. However, it should be recognized that in the *Bernard* case, the defendant was seeking information directly from the prosecution which, up to that time, had kept the names of certain witnesses from the defendant. Thus, the defendant, in that case, was seeking to directly invade the files of the prosecuting attorney which had been compiled

by his office preparatory to trial. It was in this context that the precautionary words relating to the State not being required to lay bare its case before trial were inserted in the *Bernard* opinion.

In the case now before us, no one sought to conduct a fishing expedition through the files of the prosecuting attorney. Defendant's only request was that he be allowed to depose witnesses whose names were endorsed on the indictment. Far from seeking to invade the prosecution's files, defendant sought only to build a file of his own through independent investigation. The trial court was presented with a reasonable request for good cause shown in this case, the prosecution failed to make any showing of paramount interest, and the request should have been granted.

For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for new trial and for further proceedings not inconsistent with this opinion.

DeBruler, C. J., Givan and Jackson, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 244 N. E. 2d 127.