ROBIN LEE REYNOLDS *v.* STATE OF INDIANA.

[No. 3-672A8. Filed February 14, 1973.]

*Daniel A. Roby, Wyss, McCain, Mochamer, Roby, Ryan & Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—The primary issue presented by this appeal is whether a criminal defendant is entitled to depose a police officer who will testify as the chief witness for the prosecution.

Defendant-Robin Lee Reynolds was charged by affidavit with the possession of marijuana. The affidavit was orally amended to charge a misdemeanor. See: IC 1971, 16-6-8-10, Ind. Ann. Stat. § 35-3338 (Burns Cum. Supp. 1972). Trial was to the court without the intervention of a jury. Defendant-Reynolds was found guilty and was ordered to pay the sum of $200, plus $38 as the costs of the action, and was ordered committed to the Allen County jail for 180 days of which 120 days were suspended. The timely motion to correct errors filed by Reynolds was overruled and this appeal followed.

The facts of the instant appeal most favorable to the finding of the trial court may be summarized from the evidence contained in the record before us as follows:

Robert Ross was a police officer for the City of Fort Wayne. Ross was sent by Jon W. Jones, a Sergeant in the narcotics section of the Vice Bureau of the Fort Wayne Police Department to the apartment of Reynolds "to buy some marijuana to bring it back * * *." Sergeant Jones testified that he had no prior knowledge of Reynolds' traffic in drugs.

On January 21, 1972, Ross went to the apartment of Reynolds. Ross told Reynolds that a friend of Reynolds in Ohio had given him Reynolds' name. Ross also told Reynolds that he wanted some marijuana because he was having sexual problems with his wife. Reynolds told Ross that he had no marijuana. Ross asked Reynolds if he would have some at a later date, and the two made an appointment for the following Tuesday when Ross was to come back with his wife.

On January 25, 1972, Ross returned to the apartment of Reynolds. His alleged wife was not with him. Ross told Reynolds that his wife "didn't want to smoke with anyone else." Ross again asked Reynolds to get some marijuana for him. Reynolds again had none, but left and was gone for about ten minutes. Reynolds returned with some marijuana in a plastic bag, and was thereupon arrested.

Prior to trial Reynolds filed his petition for leave of court to take the deposition of Robert Ross. The denial of said petition is the first error assigned and argued in this appeal.

The language of the petition in the case at bar is nearly identical to the petition which was denied by the trial court in *Howard* v. *State* (1969), 251 Ind. 584, 244 N.E.2d 127. In holding such denial to be reversible error, our Supreme Court relied on the holding of *Bernard* v. *State* (1967), 248 Ind. 688, 230 N.E.2d 536, in making the following statement, at 586 of 251 Ind., at 128 of 244 N.E.2d.

"The granting of a defendant's petition to depose prosecution witnesses can only assist in accomplishing the just disposition of criminal charges unless the state is able to show a paramount interest sufficient to shield the witnesses from questioning by the defense. Where no such paramount interest is shown, the allowance of discovery is a clear recognition that a criminal prosecution is not a game but rather a system designed to discover the truth and reach a just result."

In *Amaro et al.* v. *State* (1968), 251 Ind. 88, at 94, 239 N.E.2d 394, at 397, it is stated:

"The issue raised by the appellants is this: Does Burns' § 9-1610, *supra*, [Ind. Ann. Stat. (1956)] grant to criminal defendants the right to take depositions of potential witnesses without a showing that the witness will not be able to testify on trial, to be denied by the Trial Court only where a paramount interest of the State is shown? We think that within the confines of a limited discretion of the Trial Court to prevent 'fishing expeditions' or other abuses, the answer is yes."

Of course, both *Amaro* and *Howard* recognize that discovery is subject to the limited discretion of the trial court where a paramount State interest is shown that such an order would unfairly hamper the prosecution or do a disservice to the public interest. *Bernard* v. *State*, *supra*. The possibility of harassment of witnesses or a "fishing expedition" are factors to be considered in granting or denying a motion for discovery. *Johnson* v. *State* (1971), 255 Ind. 749, 266 N.E.2d 57, 59.

Here, there was no showing of a paramount State interest. There was not even a hint of a "fishing expedition" nor harassment of witnesses. In preparing his case for trial Reynolds sought to depose a police officer who was to be the chief witness for the prosecution. As in *Howard* v. *State*, *supra*, the trial court was presented with a reasonable request for good cause shown. The trial court abused is discretion in denying the request.

Reynolds further contends that he was a victim of entrapment.

The law of this jurisdiction is set forth in the following opinions of our Supreme Court: *Smith* v. *State* (1972), 258 Ind. 415, 281 N.E.2d 803; *Walker* v. *State* (1970), 255 Ind. 65, 262 N.E.2d 641, 23 Ind. Dec. 104; *Gray* v. *State* (1967), 249 Ind. 629, 231 N.E.2d 793, 12 Ind. Dec. 218.

With reference to the above cases, it has been stated:

> "Thus, in summary, entrapment occurs when the police or agents under their control incite, induce, instigate or lure a person into committing an offense which he otherwise would not have committed and had no intention of committing. *Sherman* v. *United States* (1958), 356 U.S. 369, 78 S. Ct. 819, 2 L.Ed2d. 848; *Sorrells* v. *United States* (1932), 287 U.S. 435, 53 S. Ct. 210, 77 L.Ed 413. However, where there is entrapment the prosecution of the crime will not be estopped where the police can show probable cause for their suspicions. *Smith* v. *State, supra.* In such cases hearsay evidence may be admitted, not to prove the guilt of the defendant, but to establish probable cause. *Walker* v. *State, supra.*" *May* v. *State* (1972), 154 Ind. App. 75, 289 N.E.2d 135, at 138, 33 Ind. Dec. 480.

Here, the evidence was uncontroverted that Ross went to the apartment of Reynolds, not in the course of an investigation, but specifically "to buy some marijuana to bring it back." There is no evidence that Reynolds had trafficked in drugs nor that the officers had probable cause to believe that Reynolds possessed marijuana. Ross gained the confidence of Reynolds by reference to a nonexistent "friend in Ohio", and employed the artifice that he needed marijuana to sexually stimulate his marriage. At a second meeting Reynolds had no marijuana. At the insistence of Ross he went out, returned with some marijuana and was arrested and tried for the possession thereof.

The police did more than hold out the opportunity for Reynolds to commit a crime which he was ready, willing and able to commit. The criminal design originated with the

police and was implanted in the mind of Reynolds. No evidence was presented from which it may be inferred that Reynolds intended to possess marijuana before he was asked to do so by Ross. Entrapment is shown as a matter of law. See: *Gray v. State, supra.*

The judgment of the trial court is reversed with instructions for further proceedings consistent with this opinion.

Reversed and remanded.

Sharp and Staton, JJ., concur.