ALFREDO DAVILA *v.* STATE OF INDIANA.

[No. 3-276A38. Filed March 7, 1977.]

*Sally Nalbor,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles W. Vincent,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Alfredo Davila was tried by a jury and convicted pursuant to IC 1971, 35-24.1-4.1-1 (Burns Code Ed.), of selling heroin. On appeal he questions the sufficiency of evidence adduced at trial in the context of an entrapment defense.

Viewed most favorably to the State, the evidence reveals that on February 15, 1974, Lucy M. Cruz, at the behest of her mother's fiancé, informed an undercover police agent that Davila wanted her to sell heroin and become a prostitute. Upon considering her situation, the agent had Cruz arrange a meeting between himself and Davila so that an illegal drug transaction exposing the potential seller to arrest could be effectuated. According to plan, on February 17, 1974, the agent met Davila and Cruz at a Hammond laundromat where a discussion ensued regarding the sale of heroin. The police officer gave Davila $25 for the purchase. After an intervening walk to a nearby residence to procure the drug, they returned to the laundromat where Davila gave a foil packet of heroin to the agent. Thereupon Davila was placed under arrest.

Davila raises two issues under his challenge to the sufficiency of the evidence. First he asserts the evidence was both, insufficient and improperly admitted before a jury, to show probable cause to suspect that he was engaged in criminal activity. Second he contends that the evidence was insufficient to overcome his defense of entrapment.

Probable cause to suspect the accused in an entrapment case was formerly required in Indiana as a protection against potential overreaching by law enforcement officials. *Smith* v. *State* (1972), 258 Ind. 415, 281 N.E.2d 803; *Walker* v. *State* (1970), 255 Ind. 65, 262 N.E.2d 641. As a consequence, the consideration of whether there had been sufficient reason to suspect that the accused would engage in criminal activity before setting a trap for his arrest, was a matter of law properly raised in the context of the admissibility of such evidence. *Walker* v. *State, supra.* However in *Hardin* v. *State* (1976), 265 Ind. 635, 358 N.E.2d 134, our Supreme Court overruled *Walker* to the extent that it required proof of probable cause to suspect in an entrapment case. Thus, in the case at bar Davila's objection to the introduction of evidence of prior criminal activity can be considered only in the context of its appropriateness to his substantive defense and not with regard to insufficient proof of probable cause to set the trap. *Hardin* v. *State, supra.* Moreover, while appropriate evidence concerning Davila's proclivity for similar criminal conduct may have been relevant hearsay at a probable cause hearing, it would not have been allowable, absent a recognized exception, before a jury on the substantive issue of guilt. *May* v. *State* (1972), 154 Ind. App. 75, 289 N.E.2d 135. *Cf.: Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N.E.2d 500.

Mindful of these considerations, we nevertheless note, that the complained of error is not made apparent from a reading of the record. The relevant portions of defense counsel's colloquy with the court include the following:

"Q.  Mr. Tonkovich, when you first received a phone call on February 15, 1974, had you heard of the Defendant prior to hearing it on the telephone?

"A.  Yes, sir.

"BY MR. REARDON:  Objection. That is completely irrelevant whether he heard of the Defendant.

"BY THE COURT:     The defense of entrapment has been raised, sufficiently to allow probable cause to be established prior to the incident complained of.

"BY MR. REARDON:     Well, I think I have been—

"BY THE COURT:     Is that the Prosecution's intent?

"BY MR. HALCARZ:     Yes, your Honor. I believe reputation of the defendant known to the officer is relevant to show probable cause.

"BY THE COURT:     That is the ruling as I understand it in drug cases. Do you have any authority to the contrary, Mr. Reardon?

"BY MR. REARDON:     That is the law, your Honor.

"BY THE COURT:     All right, your objection is overruled. You may answer."

The foregoing indicates that the witness responded prior to the objection made by the defense. Accordingly, sustaining a motion to strike the answer may have been appropriate had some prejudicial error been shown. However, an affirmative answer, that the officer had heard of Davila, by itself, shows no prejudicial error to the appellant. Moreover the objection based on relevancy does not raise the proper issue of whether the subsequent testimony given was prejudicial as hearsay before a jury. From these circumstances we conclude that Davila has placed his reliance on an argument not properly preserved and therefore beyond our consideration on appeal. *Maynard* v. *State* (1973), 158 Ind. App. 260, 302 N.E. 2d 520 (transfer denied). *See also, Kramer* v. *State* (1974), 161 Ind. App. 619, 317 N.E.2d 203 (transfer denied).

The second error raised concerns whether the evidence was sufficient to overcome a defense of entrapment. Appellant argues essentially that the State failed to prove that it was not the originator of the criminal act or that by a proper measure of subjective intent

Davila had sufficient propensity to commit the crime alleged absent police involvement.

Properly raised the defense of entrapment must resolve these two issues by showing the general innocence of the accused in the absence of police interference. *Gray* v. *State* (1967), 249 Ind. 629, 231 N.E.2d 793; *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92. Thus if an accused had a readiness and willingness to break the law, the fact that the police provided a favorable opportunity for him to do so, would not, by itself, constitute entrapment. *May* v. *State, supra; United States* v. *Russell* (1973), 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366.

The evidence adduced at trial reveals that Cruz's attempt to set up a buy of heroin for the police agent involved more than a mere solicitation. Unlike *Thomas* v. *State* (1976), 264 Ind. 410, 345 N.E.2d 835, wherein an agent entered a tavern and made a general inquiry for drugs, Davila was engaged by the police through an informer to make a specific sale in a laundromat after first having been coaxed down the street to a supplier. Accordingly the record discloses facts showing sufficient inducement to present a prima facie defense of entrapment. *See, Reynolds* v. *State* (1973), 155 Ind. App. 226, 292 N.E.2d 290.

Having discerned a prima facie defense, our concern turns to whether the accused had a sufficient propensity to commit the crime irrespective of police inducement. Such being a question of subjective intent, its determination is within the exclusive province of the jury. *Thompson* v. *State* (1972), 259 Ind. 587, 290 N.E.2d 724. Moreover when the propriety of these findings are challenged for insufficient evidence on appeal, this court will neither weigh the evidence nor resolve questions of credibility of witnesses, but rather will review only that evidence most favorable to the State, together with all reasonable inferences deducible therefrom. If this review indicates substantial evidence of pro-

bative value to support the verdict it will not be disturbed. *Hauk* v. *State, supra.*

In the case at bar there was evidence that while the police afforded an opportunity for the accused to make an illegal sale, his actions were entirely self-motivated. Testimony was elicited that Davila was a heroin dealer and that he was attempting to engage Lucy Cruz as a seller for him. Moreover Davila acknowledged that he brought other buyers to see his supplier in order to obtain a discount for his own drugs. Therefore the jury's finding that Davila was not a victim of entrapment is supported by ample evidence adduced at trial. *Shipp* v. *State* (1976), 265 Ind. 108, 350 N.E.2d 619.

Accordingly, with no reversible error having been demonstrated the judgment of the trial court must be affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result with opinion.

### OPINION CONCURRING IN RESULT

STATON, P.J.—I concur in result. The majority has unnecessarily and improperly applied *Hardin* v. *State* (1976), 265 Ind. 635, 358 N.E.2d 134 retroactively. The Indiana Supreme Court was silent on the retroactive application of *Hardin*. Its application in Davila's appeal is unnecessary. *Berry* v. *State* (1974), 162 Ind. App. 626, 321 N.E.2d 207.

There was probable cause to suspect in *Hardin* as there is here. To apply the new rule enunciated in *Hardin* to Davila's appeal would be a denial of procedural due process. *Welch* v. *Beto* (1966), 355 F.2d 1016; *United States ex rel. Smith* v. *Baldi* (3 Cir. 1951), 192 F.2d 540, 544, *aff'd* 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed.2d 549 (1953).

During Davila's trial which was long before the new rule in *Hardin*, the State had the burden to prove probable cause to suspect. This burden was a necessary element to Davila's

defense of entrapment. It was a part of Davila's trial strategy for his defense. For example, suppose that the State could not prove guilt without carrying its burden of showing probable cause to suspect and it failed to carry the burden, but the State obtained a conviction through an erroneous ruling of the trial court. The defense strategy was to appeal without presenting evidence in behalf of the defendant. However, during the process of appealing the error, the rule requiring probable cause to suspect was eliminated by the Supreme Court as it was in *Hardin*. This would mean that the State actually obtained a conviction on appeal that it could not have obtained during the trial of the defendant. *Berry* v. *State, supra.*

NOTE.—Reported at 360 N.E.2d 283.