DARRELL A. MAYNARD *v.* STATE OF INDIANA

[No. 3-276A34. Filed September 7, 1977.]

A. *Martin Katz, Katz & Brennan,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

STATON, P.J.—The trial court found Darrell A. Maynard guilty of Delivery of a Controlled Substance.[1] Pursuant to the Minor Sentencing Act,[2] Maynard was sentenced to the care, custody and control of the Superintendent of the Indiana Diagnostic Center for a period of not less than one (1) nor more than ten (10) years. In his appeal to this Court, Maynard raises the following issues:

(1) Was he entrapped?

(2) Was the trial court correct in its determination of the applicable sentencing statute?

We affirm the conviction of Maynard and remand for sentencing under the appropriate statute.

## I.

### Entrapment

William Michalek, a police officer, and a confidential informant went to Maynard's house trailer to purchase marijuana. When Maynard asked Michalek how much he wanted, he replied that he would like to buy a "lid" or ounce. Maynard told him that this amount would cost twenty-five dollars. Michalek gave Maynard the twenty-five dollars. Maynard left the trailer immediately to obtain the marijuana. After an elapse of forty-five minutes, Maynard returned to the trailer with a plastic bag containing one ounce of marijuana.

---

1. IC 1971, 35-24.1-4-1 (1973 Ind. Acts, P.L. 335, as amended, 1974 Ind. Acts, P.L. 152 § 10).

2. IC 1971, 35-8-3-1, Ind.Stat.Ann. § 9-1815 (Burns Code Ed. 1975).

Michalek asked if Maynard could obtain marijuana regularly and Maynard replied that he could. Michalek further inquired as to whether Maynard could obtain larger quantities, to which Maynard responded affirmatively and asked how much Michalek wanted. Michalek indicated he was interested in a pound and asked what the price would be. Maynard said that a pound would cost $225. Maynard testified at trial that he had obtained marijuana for the confidential informant on at least one occasion prior to the August 7 transaction.

Maynard's first contention is that the State failed to meet its burden of proving that it had probable cause to suspect him of trafficking in narcotics prior to the August 7 transaction. Probable cause to suspect the accused in an entrapment case was formerly required in Indiana as a protection against potential overreaching by law enforcement officials. *Walker v. State* (1970), 255 Ind. 65, 262 N.E.2d 641. However, in *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134, our Supreme Court overruled *Walker* to the extent that it required proof of probable cause to suspect in an entrapment case. This Court then applied the new rule enunciated in *Hardin* retroactively in *Davila v. State* (1977), 172 Ind. App. 425, 360 N.E.2d 283. The retroactive application of *Hardin* eliminates any need for further discussion of Maynard's first allegation of error.

Maynard next contends that the State failed to prove that he had the requisite independent intent to deliver a controlled substance. When entrapment is raised as a defense, our concern turns to whether the defendant had a sufficient propensity to commit the crime irrespective of police inducement. *Davila, supra*, at 286. The question of whether a defendant had a predisposition to commit a crime, as well as the question of whether the defendant was entrapped, are questions of fact. When these questions of fact are challenged on appeal as not being supported by sufficient evidence, this Court will neither weigh the evidence nor resolve questions of credibility. Instead, we will review only that evidence most favorable to the State, together with all reasonable inferences which can be deduced

therefrom. When this review indicates substantial evidence of probative value to support the verdict, it will not be disturbed. *Hauk v. State* (1974), 160 Ind. App. 390, 312 N.E.2d 92, 98.

Maynard testified that he had delivered marijuana to the confidential informant on at least one occasion prior to the August 7 transaction. When Officer Michalek offered twenty-five dollars for an ounce of marijuana Maynard was able to obtain the marijuana and return in forty-five minutes. He knew what the price of the marijuana would be before he even left to pick it up. He stated that he could obtain marijuana regularly and in larger amounts. He was even able to tell Michalek how much a pound of marijuana could cost.

Another factor is the level and extent of police involvement relating to the August 7 transaction. If the conduct of the police prior to the commission of the crime was very slight and if their conduct, as here, consisted of merely providing the opportunity, the logical inference is that the person had a predisposition to commit the crime.

When we examine the totality of police involvement, we conclude that the police merely provided Maynard an opportunity to carry out his natural propensity to deliver the marijuana. There was no entrapment.

## II.

### Sentencing

When Maynard sold the ounce of marijuana, IC 1971, 35-24.1-4-1 (1973 Ind.Acts, P.L. 335, as amended, 1974 Ind.Acts, P.L. 152 § 10) provided for sentencing of not less than five (5) years nor more than twenty (20) years. Before Maynard's trial and sentencing this sentencing provision was amended by the Indiana Legislature and reduced to a maximum sentence of one (1) year. IC 1971, 35-24.1-4.1-10 (Burns Code Ed.). Maynard contends that he should have been sentenced under the amended sentencing provision in force at the time of his trial and sentencing. We agree.

In *Wolfe v. State* (1977), 173 Ind. App. 27, 362 N.E.2d 188, this Court stated:

"If the legislature had enacted an ameliorative amendment, the application of which would be constitutionally permissible to persons who had committed the crime prior to its effective date, we would be willing to find a statement of legislative intent to apply the sentencing provisions of that ameliorative statute to all persons to whom such application would be possible and constitutional. Article I, section 18, of the Indiana Constitution provides: 'The penal code shall be founded on the principles of reformation, and not of vindictive justice.' If there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes." *Wolfe* at 190.

We affirm the conviction of Maynard, but remand to the trial court with instructions to vacate his present sentence and to enter a sentence under the appropriate statute, IC 1971, 35-24.1-4.1-10 (Burns Code Ed.).

Hoffman, J. and Garrard, J., concur.

NOTE—Reported at 367 N.E.2d 5.