**Gaulton Lee WATFORD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1277S805.

Supreme Court of Indiana.

Jan. 29, 1979.

Harriette Bailey Conn, Public Defender of Indiana, R. Davy Eaglesfield, III, Special Deputy Public Defender, Kenneth Stroud, Sp. Asst. Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Ind., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of kidnapping, Ind.Code § 35–1–55–1 (Burns 1975), in a trial by jury. He was sentenced to life imprisonment on June 21, 1967, and on April 3, 1978 was granted permission to file a belated appeal pursuant to Post Conviction Remedy Rule 2, which appeal presents the following issues for our review:

(1) Whether the trial court erred in denying the defendant's motion to correct his sentence and discharge him from custody.

(2) Whether the trial court erred in entering judgment against the defendant upon the verdict of guilty, in light of his co-defendant's acquittal at the same trial.

\* \* \* \* \* \*

### ISSUE I

On May 19, 1978, the defendant filed a motion for the correction of his sentence and for discharge from custody alleging in part the following:

"4. In October, 1977, the Criminal Code of Indiana changed the conduct for which defendant was convicted to the crime of confinement, which is a class D felony (punishable by imprisonment for 2 years, with not more than 2 years added for aggravating circumstances.) In the commentary to the new code, it is stated:

" 'The elements of this offense (confinement) are substantially the same as the elements of the prior kidnapping statute, IC 35–1–55–1 (repealed). West's Annotated Indiana Code at 403.'

\* \* \* \* \* \*

"For this Court to hold that the more severe penalty should apply 'would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice.' *Maynard v. State*, (1977) Ind.App., 367 N.E.2d 5 at 8."

To paraphrase the above quoted portion of the motion, by legislative enactment that became effective subsequent to the defendant's sentencing but prior to the initiating of his appeal, the Criminal Code of Indiana

was revised. By such revision the conduct, which had previously constituted the crime of kidnapping, thereafter constituted the crime of Criminal Confinement and carried a sentence substantially less severe than the life sentence imposed by the kidnapping statute, under which the defendant had been charged, convicted and sentenced.

It is Defendant's position that he is entitled to be sentenced under the provisions of the Criminal Confinement statute rather than under the provisions of the repealed Kidnapping statute.

The defendant recognizes that Indiana's general savings clause, Ind.Code § 1–1–5–1 (Burns 1975)[1] provides that, in the absence of an express provision for retroactivity a statutory revision does not apply to any act committed prior to its effective date. He argues, however, that the savings clause was enacted to determine the legislative intent only when no contrary intent is expressed or implied by the repealing or amending act in question. He further argues, that in the instant case it is obvious that the Legislature clearly intended to ameliorate the excessive punishment previously provided for the criminal acts when they passed the Criminal Confinement statute, Ind.Code § 35–42–3–3 (Burns Supp. 1978). Given the ameliorative intent, he contends that the application of the revised statute should not be restricted solely to offenses committed after the statute's effective date, October 1, 1977.

In support of his position the defendant cites *Maynard v. State*, (1977) Ind.App., 367 N.E.2d 5. In *Maynard*, the Court of Appeals vacated the defendant's sentence for delivery of a controlled substance, and resentenced him under an amended statute which had become effective after the crime had been committed but prior to the defendant's trial and sentencing. The court stated at p. 8:

"If there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes. *Wolfe v. State*, (1977) Ind.App., 362 N.E.2d 188, 190.

Defendant's position is of questionable merit in view of the express savings clause found in the Revised Criminal Code, Acts 1977, Public Law 340, § 150,[2] and we need not here pass upon his contention that sentencing under the prior statute, following an ameliorative amendment effective between the commission of the offense and the sentencing, is constitutionally impermissible under Article I, § 18 of the Constitution of Indiana, because he was sentenced prior thereto, and, as hereinafter held, said sentencing was a final judgment.

The defendant seeks to have *Maynard* extended beyond its scope, to cover a situation where the statute had become effective prior to the time that his judgment became final. In defining "final judgment," the defendant cites cases from several jurisdictions which hold that a judgment of convic-

---

1. Ind.Code § 1–1–5–1 (Burns 1975) provides:
   And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

2. SECTION 150. (a) Neither this act nor Acts 1976, P.L. 148 affects:
   (1) *rights or liabilities accrued;*
   (2) penalties incurred; or

(3) proceedings begun;
before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.

(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.

(c) Notwithstanding subsections (a) and (b) of this SECTION, a defense available under IC 35–41–3 is available to any defendant tried or retried after September 30, 1977.

tion is not final as long as the case is pending on appeal, and that, where the defendant has not yet exhausted his appeal rights, he is entitled to the benefit of the statutory ameliorative change. *State v. Macarelli*, (1977 R.I.) 375 A.2d 944; *People v. Rossi*, (1976) 18 Cal.3d 295, 134 Cal.Rptr. 64, 555 P.2d 1313; *People v. Thomas*, (1974) 185 Colo. 395, 525 P.2d 1136; *State v. Pardon*, (1967) 272 N.C. 72, 157 S.E.2d 698; *In re Estrada*, (1965) 63 Cal.2d 740, 48 Cal. Rptr. 172, 408 P.2d 948. The holdings in these cases were premised upon common law theories and interpretations of their own statutes and savings clauses.

Although it appears that *Maynard* is in accord with the defendant's cited authority upon the issue of whether a defendant may take advantage of an ameliorative statutory change prior to final judgment, Indiana is not in accord with the holdings of those cases with respect to the question of when a judgment becomes final. *In Indiana a judgment becomes final prior to the taking of an appeal.* As was stated in *Bozovichar v. State*, (1951) 230 Ind. 358, 362, 103 N.E.2d 680, 681:

> "The rule that an appeal lies only from a final judgment applies in criminal cases. Ewbank's Ind. Crim.Law, 2nd Ed., § 787, p. 584. 'A final judgment is one which determines the rights of the parties in the suit, *or a distinct and definite branch of it*, and reserves no further question or direction for future determination.' (Our emphasis). *Home Electric Light and Power Co. v. Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N.E. 191; *Ebenezer Old People's Home v. Bernhard* (1935), 100 Ind.App. 636, 196 N.E. 129. 'A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question.' *Sharon v. Sharon* (1885), 67 Cal. 185, 196, 7 P. 456, 463; *Ebenezer Old People's Home v. Bernhard, supra*."

Since the defendant's judgment had been final for over ten years prior to the effective date of the revised statute, he can not now seek to take advantage of its ameliorative sentencing provisions.

## ISSUE II

The defendant was jointly tried with co-defendants Norah Watson and Ceaphus Williamson on a charge of kidnapping. The jury returned verdicts of guilty against Watson and the defendant and acquitted Williamson. The defendant alleges that the verdicts were inconsistent and that his conviction should therefore be set aside, since the evidence against each of the defendants was the same.

We need not address the defendant's contention that where factually inconsistent verdicts are returned against co-defendants charged with the same crime a reversal is required, inasmuch as we find that the evidence against each of the defendants was not the same. Although the victim of the kidnapping identified all three defendants as her abductors, one of her neighbors testified that she saw only two men place the victim into a car, in which a third man was sitting. The defendant and Watson had each given statements to the police subsequent to their arrests, in which they admitted to having abducted the victim and to having had sexual intercourse with her. The statements were admitted into evidence and read to the jury with the admonishment that they were not to be considered as evidence against anyone but the declarant. At trial both the defendant and Watson changed their stories considerably, testifying that the victim had voluntarily gotten into the car and had agreed to have sexual intercourse with the defendant. Williamson also testified at the trial, relating a version of the events similar to that to which the defendant and Watson testified. In addition, however, he testified that he was "high" that night, having had too much to drink, and that he never got out of the car except to get into the back seat with the victim. He also admitted to having had intercourse with her, but stated that she had given her consent.

Based on the foregoing evidence, which was to some extent conflicting, it was not necessarily inconsistent for the jury

to have convicted the defendant and Watson while acquitting Williamson. On review it is not for us to reweigh the evidence nor judge the credibility of the witnesses. *Beasley v. State,* (1977) Ind., 370 N.E.2d 360; *Robinson v. State,* (1977) Ind., 365 N.E.2d 1218. We will look only to that evidence most favorable to the State along with all reasonable inferences to be drawn therefrom in determining whether the evidence supports the verdict upon each of the essential elements of the crime charged beyond a reasonable doubt. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.