Gregory Alan SMITH, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. PS421.

Supreme Court of Indiana.

Oct. 7, 1981.

Gregory Alan Smith, pro se.

Linley E. Pearson, [as of 1/12/81], Theodore L. Sendak, Atty. Gens., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

This cause is before us on the petition to transfer of Gregory Smith, who, proceeding *pro se*, seeks review of the memorandum decision of the Court of Appeals, *Smith v. State*, (PS 421, handed down March 16, 1981) (Ratliff, J., dissenting). 418 N.E.2d 577. There, the Court of Appeals dismissed Smith's appeal. We hereby grant transfer, vacate the decision of the Court of Appeals, and remand the cause to the trial court for further proceedings not inconsistent with this opinion.

Smith was tried and convicted of a felony in the Shelby Circuit Court. Subsequent to his sentencing, he mailed a letter to his attorney requesting all the documents pertaining to his case. When that request went unanswered, he filed a motion with the Shelby Circuit Court requesting that the attorney who defended him in the criminal matter be directed to produce any and all papers pertaining to Smith's case. Smith's motion was filed pursuant to Ind. Code § 34–1–60–10 (Burns 1973), which reads in its entirety:

"When an attorney, on request, refuses to deliver over money or papers to a person from whom or for whom he has received them, in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted (or if no action was prosecuted, then by the order of any court of record), to do so, within a specified time, or show cause why he should not be punished for contempt."

No action was taken by the court for approximately two months, when, by letter, Smith inquired as to the status of his motion. That same day, the trial court summarily denied Smith's motion. His subsequent motion to correct errors was also denied.

Smith appealed, filing for review in this Court. By written order, we transferred the cause to the Court of Appeals, deeming it "civil in nature." The Court of Appeals then dismissed the appeal on the basis of the following rationale:

"We dismiss the appeal for the reason that there has been no demonstration that the trial court's ruling is a final appealable judgment within the purview of Ind.Rules of Procedure, Trial Rule 59 and Appellate Rule 4." *Smith v. State, supra.*

Judge Ratliff dissented, maintaining the judgment was final and appealable and that the trial court had erred in its procedural handling of Smith's motion. We agree with Judge Ratliff.

As we deemed Smith's motion "civil in nature," so also Judge Ratliff appropriately characterized it as a proceeding "ancillary" to the criminal action in which Smith was convicted. The two matters are distinct; the criminal action involved Smith and the

state, while the instant matter involves Smith and his attorney.[1]

By his motion, Smith seeks the documents pertaining to the prior cause to investigate its amenability to post-conviction remedies. The sole question raised by the motion was whether Smith was entitled to and should receive the documents. Once the motion was denied, nothing remained for the trial court to decide insofar as the matter between Smith and his attorney was concerned. The ruling fully terminated Smith's attempt to invoke the statutory remedy *vis-a-vis* his attorney; consequently, it was a judgment both final and appealable. *Watford v. State*, (1979) Ind., 384 N.E.2d 1030; *Bozovichar v. State*, (1952) 230 Ind. 358, 103 N.E.2d 680. The Court of Appeals thus erred when it dismissed Smith's appeal.

When confronted with Smith's motion, the trial court failed to adhere to the dictates of Ind.Code § 34–1–60–10, *supra*. As Judge Ratliff explained:

> "Smith properly filed his motion as an ancillary proceeding in the cause in which he had been represented by Dilworth. The court should have caused reasonable notice to have been given Dilworth, held a hearing thereon, and then ruled on the motion." *Smith v. State, supra*, at 4.

We remand the cause to the trial court for compliance with these procedures.

For all the foregoing reasons, we grant transfer, vacate the opinion and decision of the Court of Appeals, and remand the cause to the trial court.

Cause remanded.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents.

---

1. For this reason we agree with Judge Ratliff's assessment of the state's posture in the instant case:

    > "The State of Indiana has filed a brief suggesting that Smith's motion is procedurally defective in that it does not allege all matters

necessary to confer jurisdiction upon the court to consider the motion. However, the State of Indiana is a stranger to the present controversy. The matter before the court on Smith's motion was one between Smith and Dilworth." *Smith v. State, supra*, at 4.