STATE of Indiana, Appellee–Plaintiff,

v.

**Wayne E. BAILEY, Appellee–Defendant.**

**In the Matter of the Motion for Protective Order Filed by Southlake Center for Mental Health, Appellant.**

No. 56A03–9807–CR–311.

Court of Appeals of Indiana.

July 22, 1999.

Thomas M. Greenberg, Merrillville, Indiana, Attorney for Appellant.

J. Michael Katz, Katz & Brenman, Merrillville, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge

This case arises out of a criminal prosecution for child molestation. The victim of the alleged molestation was evaluated and treated at Southlake Center for Mental Health ("Southlake"). Two employees of Southlake, Ms. Joan Wolford and Dr. Judith Themer, a social worker and clinical psychologist, respectively, were listed as witnesses for the prosecution. Bailey served subpoenas on them to appear in his attorney's office to be deposed. Southlake's counsel insisted that they be compensated for their depositions by the payment of minimum and hourly fees. Bailey's counsel insisted that he need give no other compensation than that provided for by statute for witnesses generally.[1] Bailey filed a motion to compel and Southlake filed a motion for a protective order. At the hearing on the motions, Bailey's counsel and the prosecutor indicated that the witnesses were not to be called as expert witnesses, and that they would not be asked to give professional opinions in the depositions.

At the conclusion of the hearing, the court entered the following order:

> "The Court, having heard the argument of counsel, now denies Non–Party Southlake Center's Motion to Quash Deposition Subpoenas and Motion for a Protective Order and orders Judith Themer and Joan Wolford to be available on January 23, 1998 for the purpose of being deposed by the State of Indiana and Defendant, pursuant to subpoena issued on behalf of the Defendant, which deposition shall be taken at the Southlake Mental Health Center. The deponents shall be afforded standard witness fees.
>
> Non–Party Southlake Center now moves the Court to certify its denial to the Court of Appeals for Interlocutory Appeal and enter a stay of proceedings until a ruling

has been received from the Court of Appeals. The court grants motion for certification and directs Attorney Greenberg to prepare a proposed order for certification, which order shall be tendered to defense counsel and the State of Indiana for review and approval prior to submission to the Court for entry. The Court denied motion for stay and reaffirms the trial in this cause set for January 26, 1998 at 9:00 A.M., at which time the Defendant is ordered to appear."

Record, p. 24.

The depositions of the two were taken. The attorney for Southlake did not attend the depositions, but did instruct Ms. Wolford and Dr. Themer that the questions were to be as to facts only and that they were not to answer questions that called for their professional opinions. In fact, Ms. Wolford and Dr. Themer each refused or, in effect, declined to answer certain questions on their understanding that the questions called for a professional opinion. The depositions were taken two days prior to the commencement of the trial which concluded with a verdict of not guilty.

On February 2, 1998, the court entered another order addressed to the motion to quash filed by Southlake and initially ruled upon in the January 21st order set out above. This later order, though not so labeled, is somewhat like a nunc pro tunc order in that it speaks prospectively of the already concluded depositions and expands upon the court's reason for denying Southlake's motion to quash. The order of February 2nd reads:

> "This cause came before the Court on January 21, 1998, for hearing on the motion by non-party Southlake Center for Mental Health ('Southlake Center'), filed January 21, 1998, to quash deposition subpoenas issued by the defendant on January 19, 1998, returnable January 23, 1998, to

---

**1.** *See* Indiana Code § 33–19–1–5 which reads:
"Sec. 5. A witness in a criminal action may receive a fee:
 (1) equal to the mileage paid to state officers for each mile required to travel to and from the court; and
 (2) for each day of attendance in court equal to:

 (A) fifteen dollars ($15) for witnesses subpoenaed under; or
 (B) five dollars ($5) for all other witnesses; if the witness was summoned by the state, was named on the indictment or information, and testified under oath to a material fact in aid of the prosecution."

Southlake Center professional staff members Judith Themer and Joan Wolford, respectively, and for a protective order conditioning the take of the depositions on tender of compensation for the deponents' time and moving the place of deposition to Southlake Center's main office, and on the cross-motion by defendant Wayne Bailey ('Bailey') to compel discovery. Southlake Center was represented by attorney Thomas M. Greenberg and by Dr. Les Schiller, senior vice-president. Defendant Wayne Bailey was represented by attorney J. Michael Katz. The State of Indiana was represented by Ed Barce, deputy prosecutor.

The Court, having reviewed the record of this cause, the submissions of the parties, and the arguments and stipulations of counsel in open court, finds and concludes as follows:

1. This cause, in which Bailey is accused of having molested a child, is scheduled for trial commencing January 26, 1998.

2. Bailey issued subpoenas on January 19, 1998, returnable January 23, 1998, for the purpose of deposing Joan P. Wolford ('Wolford') and Judith A. Themer ('Themer') at the office of Bailey's attorney.

3. Wolford is a certified social worker and Themer is a licensed clinical psychologist on the professional staff of Southlake Center, an Indiana community mental health center.

4. The alleged victim in this cause is a patient receiving mental health services from Southlake Center including, from time to time, Wolford and Themer, and did not become a patient of theirs until some time after the alleged molestation occurred.

5. Bailey and the State have stipulated that they will not ask Wolford or Themer any questions at deposition or trial calling for an expert opinion.

6. Wolford's and Themer's knowledge relevant to this cause of consists of facts learned by them in the course of providing mental health services to the alleged victim.

7. Southlake Center has demanded a fee for Wolford's time equal to $300.00 plus $75.00 per hour in excess of four hours, and Bailey has refused to pay more than the witness fee provided in IC 33-19-1-5.

8. Southlake Center has demanded a fee for Themer's time equal to $400.00 plus $90.00 per hour in excess of four hours, and Bailey has refused to pay more than the witness fee provided in IC 33-19-1-5.

9. Southlake Center has demanded that the place of the depositions be moved to Southlake Center's main office instead of Bailey's attorney's office, and Bailey has refused.

10. Bailey's constitutional right to due process of law necessitates that the Court deny Southlake Center's demand for a fee for Wolford's and Themer's time.

11. For the deponents' convenience, the place of the depositions should be moved to Southlake Center's main office.

12. Since Southlake Center is not a party to this cause, the usual remedy of appeal after judgment is inadequate and this Order should be certified for interlocutory appeal pursuant to Appellate Rule 4(B)(6).

13. There is no need to stay the subpoenas or depositions, as the taking of the depositions will not moot Southlake Center's claim for compensation should an appeal from this Order be successful.

Accordingly, it is hereby ORDERED and ADJUDGED by the Court as follows:

1. The Wolford and Themer depositions shall be taken at Southlake Center's main office instead of Bailey's attorney's office.

2. Southlake Center's demand for a fee for the deponents' time, in excess of the statutory witness fee pursuant to Ind.Code § 33-19-1-5, is DENIED.

3. Except to the extent otherwise expressly provided herein, Southlake Center's motion to quash subpoenas, Southlake Center's motion for protective order, and Bailey's motion to compel discovery are DENIED.

4. This Order is certified for interlocutory appeal pursuant to Appellate Rule 4(B)(6)(c)."

Record, pp. 95–97.

Southlake then filed a motion to correct error, which among other things, claimed

that the questioning at the depositions had called for "expert opinion drawing upon their respective education, training and experience, without compensation other than $5.00 each." The trial court denied the motion to correct error as follows:

> "The Court, having heard the argument of counsel and having reviewed the record in this cause, now finds Southlake Center for Mental Health has no claim for relief against the Defendant, Wayne E. Bailey, as said witnesses, Judith Themer and Joan Wolford, who are employees of Southlake Center for Mental Health were witnesses on behalf of the State of Indiana and to award the compensation sought by Southlake Center for Mental Health from Defendant would be a violation of the Defendant's right of confrontation and clearly unconstitutional.
>
> The Court denies Southlake Center for Mental Health's Motion to Correct Errors."

Record, p. 118.

As the depositions have long since been taken, the practical effect of this appeal will be to determine whether the witnesses are entitled to any additional compensation. Having said that, we must note that the persons who testified were Dr. Themer and Ms. Wolford, not Southlake. Arguably, there could be an issue as to the standing of Southlake to seek to quash the deposition subpoenas or receive compensation for the participation of the witnesses in the depositions. Because no one raises that as an issue, we will not concern ourselves with it further, but do caution practitioners to be alert to the potential problem.

Southlake raises five issues, which we consolidate and restate as:

(1) Whether a professional, such as Dr. Themer and Ms. Wolford, can be made a witness in a deposition as to facts learned while engaged in that profession upon tender of the statutory witness fee and without compensation on a professional fee basis.

(2) Whether, in taking the depositions of Dr. Themer and Ms. Wolford, counsel for Bailey exceeded the intended scope of the depositions, which was to inquire as to factual matters only.

In addition, Bailey raises one issue on cross-appeal which we restate as whether this appeal is of so little merit that Bailey is entitled to attorney's fees. We affirm.

## I

This case presents true tension between the right of a criminal defendant to obtain discovery by deposition of a person listed as a potential witness by the prosecutor and the right of a professional person to be free from compelled professional service in the form of answers to questions that call for professional opinion and analysis without being reasonably compensated for that service.

 There can be no real question but that, generally, a defendant in a criminal prosecution is entitled to depose potential prosecution witnesses. Our supreme court has held that "normally, absent a showing that the defendant had no legitimate defense interest in support of his motion or that the state had a paramount interest to protect, criminal defendants have a right to discovery, *including the taking of depositions from those persons listed as state's witnesses.*" *Tinnin v. State,* 275 Ind. 203, 207, 416 N.E.2d 116, 118 (Ind.1981) (*citing Murphy v. State,* 265 Ind. 116, 352 N.E.2d 479 (Ind. 1976); *Howard v. State,* 251 Ind. 584, 244 N.E.2d 127 (Ind.1969)) (emphasis added). In his brief, Bailey directs our attention to the State's second "Notice of Production of Witness and Exhibit Lists" ("Notice") filed on January 20, 1998, which includes Ms. Wolford and Dr. Themer as potential witnesses. In addition, there is no argument that Bailey did not have a legitimate defense interest in seeking to depose Ms. Wolford and Dr. Themer. As the State is not a party to this appeal, an assertion that there was a paramount interest to protect these witnesses is not before us. Consequently, Bailey had a right to take the depositions of Ms. Wolford and Dr. Themer. *See Tinnin,* 416 N.E.2d at 118.

In support of its claim that the witnesses here should be compensated as professionals, Southlake relies upon Article 1, § 21 of the Indiana Constitution; *Buchman v. State,* 59

Ind. 1 (1877); and, Ind. Trial Rule 26(B)(4). We can dispose of the last item quickly.

■ Trial Rule 26(B)(4) provides for discovery of "facts known and opinions held by experts ... acquired or developed in anticipation of litigation or for trial...." The rule provides for the payment of a reasonable fee to the expert for time spent in responding to the discovery. There are two reasons that the rule has no application here. First, the witnesses had never been designated as expert witnesses by the prosecutor or the defendant. *See* T.R. 26(B)(4)(a)(I). Second, any facts or opinions of the witnesses were not "acquired or developed in anticipation of litigation or for trial." The record makes clear that the relationship of these witnesses with the alleged victim was for the purposes of treatment and counseling, not to prepare for the prosecution of litigation, civil or criminal. Thus, we do not address this line of argument further.

■ Article 1 § 21 of our constitution provides that "No person's particular services shall be demanded, without just compensation." Early on, the application of that provision came into consideration in a case that will largely resolve this case. A Dr. Buchman was called as a witness by the defendant in a case where the defendant was charged with rape. The questioning of the doctor, as reported in the opinion of our supreme court, went as follows:

"My name is A.A. Buchman; I am a practising physician; I have resided in Fort Wayne for two years; graduated at the College of Medicine and Surgery, of Cincinnati, Ohio, in 1870, and have practised since that time.

Ques. State to the jury whether or not, in female menstruation, there is sometimes a partial retention of the menses, after the main flow has ceased?

Ans. I refuse to answer the question, unless I am reasonably compensated for it, before testifying as a medical expert; I do this with all respect to the court;

Ques. What is your opinion, in case of menstruation in females, as to the menstrual flow changing in color, gradually, from red or dark to a lighter color?

Ans. The answer that I would have to give would depend upon my professional knowledge of the subject, and I respectfully refuse to give my professional opinion without being compensated.

Ques. To whom do you look for your pay?

Ans. I expect the party calling me shall compensate me, or that the court shall provide some means of compensation."

*Buchman,* 59 Ind. at 2. The court continued:

"The [trial] court being of opinion that the witness was required by law to answer the questions without compensation other than ordinary witness fees, and the witness persisting in his refusal to answer, he was committed as for contempt. From this commitment, the witness appeals to this court."

*Id.* The court, after an extensive review of authorities, turned to the matter at hand:

"The question has been considered thus far only upon general principles of law. We proceed now to test it by the constitution of the State. Sec. 21 of the bill of rights provides that 'No man's particular services shall be demanded without just compensation.'[2]

\* \* \* \*

If physicians ... can be compelled to render professional services, by giving their opinions on the trial of criminal causes, without compensation, then an eminent physician ... may be compelled to go to any part of the State, at any and all times, to render such service, without other compensation than such as he may recover, as ordinary witness fees, from the defendant in the prosecution, depending upon his conviction and ability to pay. This, under the general principles of law and the constitution of the State, he can not be compelled to do. If he knows facts pertinent to the case to be tried, he must attend and testify as any other witness. In respect to facts within his knowledge, his qualifications as a physician——are entirely unimportant. In respect to facts, as before

---

**2.** The section was amended in 1984 to substitute "person's" for "man's."

stated, he stands upon an equality with all other witnesses, and the law, as well as his duty to the public, requires him to attend and testify for such fees as the legislature has provided. Not so, however, in respect to his professional opinions. In giving them, he is performing a 'particular' service, which can not be demanded of him without compensation.

\* \* \* \* \*

The appellant could not have been legally required to answer the questions propounded to him, without compensation, and his commitment for contempt was erroneous."

*Id.* at 11, 13–14.

We acknowledge that *Buchman* involved a physician and this case does not, but we see no difference in principle between the physician and any other expert who has special skills and knowledge that are of economic value to the expert and those who turn to the expert for opinions and advice. The witnesses here, a licensed, clinical psychologist and a certified and experienced social worker, are such that they fall within the class of persons who should enjoy the benefits of our constitution as applied in the *Buchman* case. In fact, the dispute here is not so much as to their status as it is to the kind of witnesses they were to be. Implicit in the stipulation by Bailey and the prosecutor is recognition that if the witnesses were to be examined as to their professional opinions and impressions, they would need to be compensated accordingly.

■ As recognized in *Buchman*, the expert can be compelled to testify as to facts known to him in the same manner as any "ordinary" witness. The rule is more easily stated than applied. In a context such as we have here, the expert has knowledge of facts only by reason of having been consulted as an expert in the first place. Dr. Themer and Ms. Wolford would have known nothing of the alleged victim had they not been called upon to see, treat, and counsel her. It is also the case that "facts" in such a context may

depend upon the evaluation of an expert to become "facts". Whether or not a person has the physical conditions that constitute "cancer" does not depend upon a physician saying so, but for that to be a fact for a jury, a physician will have to testify to his opinion as to that fact. It will not always be easy to determine whether a proposed discovery deposition will be only on factual matters and not on matters calling for expertise. Such questions, like other questions concerning the scope of discovery, must be left to the sound discretion of the judge. *Williams v. State*, 541 N.E.2d 921, 924 (Ind.1989). The decision of the judge will not be disturbed by us except for an abuse of discretion. *Id.*

■ The initial decision of the trial judge here was made in the context of an agreement that the witnesses would be questioned only as to facts and not as to their professional opinions. We see no abuse in that decision. The reaffirmation of the original decision in ruling on the motion to correct error did not reflect an express analysis of the considerations in *Buchman*. However, in reviewing discretionary orders, we will affirm if there is any rational basis for the trial court's actions. *Brown v. Terre Haute Regional Hosp.*, 537 N.E.2d 54, 58 (Ind.Ct.App. 1989). Having found a rational basis in our supreme court's venerable analysis of Article I, § 21, we affirm the trial court's discovery order. *See id.*

II.

■ The second issue is whether, in taking the depositions of Dr. Themer and Ms. Wolford, counsel for Bailey exceeded the intended scope of the depositions, which was to inquire as to factual matters only. The trial court's discovery order stated that "Bailey and the State have stipulated that they will not ask Dr. Themer or Ms. Wolford any questions at deposition or trial calling for an expert opinion."[3] Record, p. 96. In its motion to correct errors, Southlake contends that Dr. Themer and Ms. Wolford were "repeatedly asked questions of expert profes-

---

3. The trial court later denied Southlake's motions except to the extent expressly provided for within the order. We assume the statement as to

the parties stipulation constituted part of the trial court's order.

sional opinion drawing upon their respective, training, and experience ... [in apparent violation of the trial court's discovery order]." Record, p. 99. The trial court denied Southlake's motion to correct errors. As this is in essence an evidentiary decision, we review the trial court's decision for an abuse of discretion. *Smith v. State,* 702 N.E.2d 668, 672 (Ind.1998). Absent an abuse of discretion, we will affirm.

 The Indiana Trial Rules apply to depositions. *Mundy v. Angelicchio,* 623 N.E.2d 456, 461 (Ind.Ct.App.1993). We have held that, pursuant to Indiana Trial Rule 32(D)(3)(b), failure to make an objection at the time of the deposition waives any alleged errors or irregularities which occurred during the deposition.[4] *Id.* The reasoning for this is straightforward:

> "[Requiring objections to the form of questions and answers made during the process of taking a deposition ensures] that the deposition retains some use at the time of trial; otherwise counsel would be encouraged to wait until trial before making any objections with the hope that the testimony, although relevant, will be excluded because of the manner in which it was elicited."

*Id.* Thus, it is essential that counsel be present at any deposition involving his client to protect the client's interest. To the extent counsel is absent from the deposition, he has waived any subsequent alleged errors which took place during his absence. Here, counsel for Southlake did not attend the deposition. Therefore, to the extent counsel for Southlake was absent from the deposition, Southlake has waived any alleged errors. *See id.*

Waiver notwithstanding, we do not see where the witnesses' deposition testimony exceeded the bounds of the trial court's discovery order. Although absent from their depositions, counsel for Southlake did instruct Dr. Themer and Ms. Wolford to answer questions only as to factual issues and

not offer any expert opinion. During their depositions, the witnesses objected to and declined to answer some of the questions. Thus, the record clearly demonstrates that the witnesses answered only those questions they believed to be factual and that did not require an expert opinion or testimony. Consequently, we cannot conclude that counsel for Bailey exceeded the intended scope of the depositions. Therefore, the trial court did not abuse its discretion in denying Southlake's motion to correct errors.

### III.

 Finally, Bailey requests that this court enter an award of damages, including attorney fees, under Ind. Appellate Rule 15(G). The rule allows for damages when an appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Orr v. Turco Manufacturing Co., Inc.,* 512 N.E.2d 151, 152 (Ind. 1987). However, in exercising its discretionary power to award damages for a frivolous appeal, we use extreme restraint. *Yin v. Society Nat. Bank Indiana,* 665 N.E.2d 58, 65 (Ind.Ct.App.1996), *reh'g denied, trans. denied,* 683 N.E.2d 581.

The question of whether witnesses who qualify as experts but are deposed only as to factual issues may insist upon fees comparable to that of similar experts from a defendant in a criminal trial was a question of first impression and, therefore, has sufficient merit. The request for damages and appellate attorney fees is denied. *See Scott v. Randle,* 697 N.E.2d 60, 69–70 (Ind.Ct.App.1998), *reh'g denied, trans. denied,* 706 N.E.2d 177.

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

DARDEN, J., and ROBB, J. concur

---

4. Indiana Trial Rule 32(D)(3)(b) provides in relevant part:

"Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless reasonable objection thereto is made at the taking of the deposition."