# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2017, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gregory A. Rose
Indiana State Prison
Michigan City, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory A. Rose,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 26, 2017<br><br>Court of Appeals Case No.<br>20A03-1705-PC-1181<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Michael A. Christofeno, Judge<br><br>Trial Court Cause No.<br>20C01-1206-FA-35 |

**Crone, Judge.**

## Case Summary

[1] Gregory A. Rose filed this pro se appeal following the trial court's denial of his motion to compel. We reverse and remand for further proceedings.

## Facts and Procedural History

[2] In August 2014, Rose was convicted of class A felony child molesting and class C felony child molesting. He also admitted to being a repeat sexual offender based on his prior conviction for unlawful deviate conduct. The trial court sentenced Rose to an aggregate term of fifty-five years. This Court affirmed his convictions and sentences on direct appeal. *See Rose v. State*, 36 N.E.3d 1055, 1059 (Ind. Ct. App. 2015).

[3] In January 2016, Rose requested his client file from Richard Mehl, his trial attorney. Mehl responded that he would provide some documents to Rose for a $50 production, copying, and mailing fee. Appellant's App. at 18. In February 2016, Rose made a second request for his "entire client file" pursuant to Indiana Code Section 33-43-1-9 and Indiana Rule of Professional Conduct 1.16(d). *Id*. at 19. When Mehl did not respond to his second request, Rose filed a motion to compel production of documents in the Elkhart Circuit Court on April 1, 2016. The trial court denied the motion on April 13, 2016, noting that Rose's direct appeal had been concluded and that there were "no matters pending before the Court requiring discovery." *Id*. at 15. Rose filed a second motion to compel, which the trial court deemed moot. Thereafter, Rose filed

his notice of appeal, stating that he was appealing the trial court's denial of his motion to compel, and naming the State of Indiana as appellee.[1]

## Discussion and Decision

[4] Rose argues that the trial court erred in concluding that, absent a pending criminal action, it lacked authority to consider the merits of his motion to compel. We agree.

[5] In support of his motion to compel, Rose relied on Indiana Code Section 33-43-1-9, which provides:

> If, on request, an attorney refuses to deliver over money or papers to a person from whom or for whom the attorney has received them, in the course of the attorney's professional employment, the attorney may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted or if an action was not prosecuted, by the order of any court of record, to deliver the money or papers within a specified time, or show cause why the attorney should not be punished for contempt.

[6] By its terms, this statute vests the trial court in which an action was prosecuted with the authority to consider a motion made pursuant to the statute's terms. Our supreme court has explained that this type of document or money request is civil in nature and is appropriately characterized as a proceeding ancillary to

---

[1] Although the State of Indiana was listed as appellee, the State and the Indiana Attorney General filed a Notice of Non-Involvement and have not participated in this appeal. This Court accepted the notice by order issued on July 28, 2017.

the criminal action that resulted in a conviction. *Smith v. State*, 426 N.E.2d 402, 403 (Ind. 1981). Indeed, the court observed that the "two matters are distinct," with the criminal action involving the defendant and the State, and the instant matter involving the defendant and his attorney. *Id.* at 403–04.

[7] Similarly, here, the criminal action involved Rose and the State, while the motion to compel involves Rose and Mehl. Because Rose filed his motion to compel in the Elkhart Circuit Court as an ancillary proceeding to the criminal cause in which he had been represented by Mehl, the *Smith* court instructs that the trial court "should have caused reasonable notice to have been given to [Mehl], held a hearing thereon, and then ruled on the motion." *Id.* at 404 (citation omitted); *see also Ferguson v. State*, 773 N.E.2d 877, 881 (Ind. Ct. App. 2002). Accordingly, the trial court should hold a hearing on remand to determine whether Mehl is in possession of documents to which Rose is entitled. Therefore, we reverse and remand for proceedings consistent with this opinion.

[8] Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.