The **CADLE COMPANY II, INC.,**
Appellant–Plaintiff,

v.

Robert **OVERTON,** Appellee–
Defendant.

No. 32A01–0601–CV–21.

Court of Appeals of Indiana.

Nov. 30, 2006.

Bret S. Clement, Ayres Carr & Sullivan, Indianapolis, IN, Attorney for Appellant.

Clifford W. Shepard, Indianapolis, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

The Cadle Company II ("Cadle") appeals summary judgment in favor of Robert Overton. Cadle argues the statute of limitation was tolled by Overton's absence from Indiana. The statute of limitation is tolled by a party's absence from Indiana unless that party has an agent for service of process in Indiana. The Indiana Trial Rules deem the Secretary of State the agent for service of process and detail how service may be made on the Secretary of State. Cadle has not demonstrated Trial Rule 4.10 provides constitutionally deficient notice so as to toll the statute of limitation. Because Cadle did not serve Overton until after the statute of limitation had run, the trial court did not err in dismissing Cadle's suit with prejudice.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In August 1996, Overton purchased a vehicle under a retail installment contract and security agreement from J.D. Byrider, a used car and finance company. After a warranty dispute, Overton had the vehicle towed back to the seller. When the vehicle was not repaired, he refused to make further payments under the contract. Overton has not made any payments under the terms of the contract since November 1996.

In December 1997, Cadle acquired the contract from J.D. Byrider and attempted to collect the debt. In January 1998, Overton moved from Indiana to Georgia. Overton did not notify Cadle or J.D. Byrider of his new address. Cadle was unable to locate or contact Overton until March

2005, when Overton "indicated that he did not intend to pay the indebtedness evidenced" by the contract. (App. at 48.)

Cadle filed its complaint against Overton in May 2005, seeking approximately $15,000 in unpaid principal, interest, late fees, costs, and attorney fees. Overton asserted the claim was barred by the statute of limitation while Cadle argued Overton's absence from Indiana had tolled the statute. Both parties filed for summary judgment. In November 2005, the trial court granted summary judgment in favor of Overton:

> The court finds that the plaintiff failed to bring this cause of action within the Indiana statute of limitations. At least 8 years had passed from the date of the last payment by the defendant on the automobile until the complaint was filed. The court finds the statute of limitation was *not* tolled by the defendant's absence from the State of Indiana. The plaintiff should have served the summons on the Indiana Secretary of State pursuant to Trial Rule 4.4(B) before the expiration of the statutory period.

(*Id.* at 5) (emphasis in original). The trial court dismissed Cadle's complaint with prejudice.

### DISCUSSION AND DECISION

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing a grant of summary judgment, we apply the same standard as does the trial court. *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d

606, 613 (Ind.Ct.App.2000), *trans. denied* 753 N.E.2d 8 (Ind.2001). We do not weigh the evidence; rather, we consider the facts in the light most favorable to the nonmovant. *Id.* Although the trial court's grant of summary judgment is clothed with a presumption of validity, we carefully scrutinize the trial court's decision to ensure the nonmovant was not improperly denied his day in court. *Id.*

 "Every statute stands before us clothed with the presumption of constitutionality, and such presumption continues until clearly overcome by a showing to the contrary." *State v. Rendleman*, 603 N.E.2d 1333, 1334 (Ind.1992). The burden is on the party challenging the constitutionality of the statute, and all doubts are resolved against that party. *Id.* "Although a Supreme Court adopted trial rule is not a statute, it has the same binding force as any formally promulgated statute." *State ex rel. Bicanic v. Lake Circuit Court*, 260 Ind. 73, 76, 292 N.E.2d 596, 598 (1973).

At issue is whether the statute of limitation [1] was tolled by Ind.Code § 34–11–4–1, which provides:

> The time during which the defendant is a nonresident of the state is not computed in any of the periods of limitation except during such time as the defendant by law maintains in Indiana an agent for service of process or other person who, under the laws of Indiana, may be served with process as agent for the defendant.

Ind. Trial Rule 4.4(B) provides:

> **Manner of service.** A person subject to the jurisdiction [2] of the courts of this

---

1. Because Cadle failed to file the lawsuit for at least eight years, we need not decide whether Cadle had four years (Ind.Code § 26–1–2–725) or six years (Ind.Code § 34–11–2–9) in which to file suit.

2. Overton asserts he is subject to the jurisdiction of courts of this state because he has done business here. *See* T.R. 4.4(A)(1) ("Any person … submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him …

state under this rule may be served with summons:

(1) As provided in Rules 4.1 (service on individuals), 4.5 (service upon resident who cannot be found or served within the state), 4.6 (service upon organizations), 4.9 (in rem actions); or

(2) The person shall be deemed to have appointed the Secretary of State as his agent upon whom service of summons may be made as provided in Rule 4.10.

(footnote added). Trial Rule 4.10, in turn, provides:

**In general.** Whenever, under these rules or any statute, service is made upon the Secretary of State . . . as agent for the person being served, service may be made upon such agent as provided in this rule.

(1) The person seeking service or his attorney shall:

(a) submit his request for service upon the agent in the praecipe for summons, and state that the governmental organization or office is the agent of the person being served;

(b) state the address of the person being served as filed and recorded pursuant to a statute or valid agreement, or if no such address is known, then his last known mailing address, and, if no such address is known, then such shall be stated;

(c) pay any fee prescribed by statute to be forwarded together with sufficient copies of the summons, affidavit and complaint, to the agent by the clerk of the court.

(2) Upon receipt thereof the agent shall promptly:

(a) send to the person being served a copy of the summons and complaint by registered or certified mail or by other public means by which a written acknowledgment of receipt may be obtained;

(b) complete and deliver to the clerk an affidavit showing the date of the mailing, or if there was no mailing, the reason therefor;

(c) send to the clerk a copy of the return receipt along with a copy of the summons;

(d) file and retain a copy of the return receipt.

A governmental agent under T.R. 4.10 "in his return . . . shall show the date and place of mailing, a copy of the return receipt if and when received by him showing whether the mailing was accepted or returned, and, if accepted, by whom." T.R. 4.11 [3]

Cadle argues T.R. 4.10 must be interpreted to require actual notice, and not merely constructive notice, to satisfy constitutional due process. Cadle asserts the Secretary of State cannot be Overton's agent for service of process under the tolling statute because such service would not have resulted in actual notice to Overton when Cadle did not have a valid address to provide the Secretary of State.

Cadle cites *Shotwell v. Cliff Hagan Ribeye Franchise, Inc.*, 572 N.E.2d 487 (Ind. 1991) for the following proposition: "The Indiana Supreme Court has previously held that service on the Secretary of State is not effective where the defendant is not

doing any business in this state[.]"). Cadle does not challenge Overton's legal conclusion, and accordingly, we presume without deciding that Overton is subject to the jurisdiction of Indiana courts pursuant to T.R. 4.4(A)(1).

**3.** T.R. 4.11 applies whenever "service by registered or certified mail or other public means by which a return receipt may be requested is authorized."

actually served with a summons under a similar Indiana statute." (Appellant's Br. at 7.) Cadle's reliance on *Shotwell* is misplaced.

In *Shotwell,* the plaintiff attempted to serve a foreign corporation by means of the Secretary of State. The summons and complaint were sent to the defendants via registered mail but the Post Office returned the papers because the defendants had moved and the forwarding order had expired. The *Shotwell* Court held:

> The statute pursuant to which service was attempted provides that a foreign corporation not authorized or licensed to do business in Indiana is deemed to have appointed the secretary of state as its agent for service of process and sets forth the method by which service is to be accomplished. One of the steps in the process required by the express terms of the statute is that the return receipt show "delivery and acceptance" or "refusal of acceptance" of the suit papers by the defendant. Here, the return receipts reveal that there was neither acceptance nor rejection of the suit papers. *Therefore, by the express terms of the statute, service was not accomplished.*
>
> The rule is well-established that to exercise jurisdiction over a nonresident defendant, due process considerations require that a defendant must be given adequate notice of pending litigation. *We do not answer the question of whether [the statute] would comply with the notice requirement if the statute were interpreted to mean ... that neither acceptance nor rejection of the registered mail was required.* Clearly, the statute as worded meets constitutional requirements.

*Shotwell,* 572 N.E.2d at 489 (emphases added, internal citations omitted). The holding was not based on the difference between actual and constructive notice because the statute, in expressly requiring *either* delivery and acceptance *or* refusal of acceptance of the suit papers, contemplated only actual notice. T.R. 4.10 and 4.11, however, contemplate constructive notice as well. If the address is unknown, the person seeking service must state he does not know the mailing address. *See* T.R. 4.10(A)(1)(b). If no mailing is made, the return to the clerk must include "the reason therefor." T.R. 4.10(A)(2)(b). T.R. 4.11 provides a copy of the return receipt should be included "*if* and when received by him." (emphasis added).

In *Munster v. Groce,* 829 N.E.2d 52 (Ind.Ct.App.2005), the plaintiff attempted service by certified mail but the mail was returned. The plaintiff then attempted to perfect service on the defendant through the Secretary of State with similar results. We noted:

> [T]he Due Process Clause requires that in order for constructive notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate the litigant's whereabouts. A party must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." [*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ]. *Rule 4.4(B)(2) does allow for service through the Secretary of State with respect to a defendant "whose residence is unknown," and presumably such service is effective even if the defendant does not receive actual notice of the lawsuit; Rule 4.10 does not expressly require actual notice.* We conclude, however, that in order for such service to be constitutionally effective there must be a showing by the plaintiff or party who sought

such service that due diligence to ascertain the defendant's current whereabouts was exercised and service through the Secretary of State was reasonable under the circumstances.

*Id.* at 60–61 (emphases added, some internal citations omitted). We presumed constructive notice under T.R. 4.10 would be constitutional; however, our holding was premised on the plaintiff's apparent lack of due diligence in attempting to locate the defendant. The adequacy of Cadle's due diligence in attempting to locate Overton has not been challenged.

■ Alternatives to personal service and actual notice of a suit are permissible

> where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of *an indirect and even a probably futile means of notification* is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.... [Parties] whose interests or whereabouts could not with due diligence be ascertained come clearly within this category.

*Mullane,* 339 U.S. at 317, 70 S.Ct. 652 (addressing notice by publication) (emphasis added). As Professor Harvey explains, this is a factual examination:

> [I]s service on the Secretary of State, the nonresident defendant's agent sufficient for personal jurisdiction (all other requirements being satisfied) if the nonresident never receives actual notice? In a nutshell the correct answer is that due process is satisfied if there is no other and better service of process available in the factual setting of the particular case. This means that neither acceptance nor rejection of registered or certified mail should be required, when

neither can be required in the factual setting of the particular case.

1 William F. Harvey, *Indiana Practice* § 4.10.2 (3d ed.1999).

■ Had Cadle attempted to serve Overton through the Secretary of State, the trial court could have determined whether service on the Secretary of State was, under the circumstances, reasonably calculated to provide Overton notice. Absent the factual setting necessary to determine whether constructive notice under T.R. 4.10 is constitutionally sufficient, Cadle cannot demonstrate T.R. 4.10 is unconstitutional as applied.[4] Because we resolve doubts as to the constitutionally of a statute or a trial rule against the challenging party, we conclude compliance with T.R. 4.10 would result in constitutionally sufficient notice.

Ind.Code § 34–11–4–1 tolls the statute of limitation only when there is no agent for service of process. Under T.R. 4.4(B), the Secretary of State is deemed the agent for nonresidents such as Overton who are subject to the jurisdiction of Indiana courts pursuant to T.R. 4.4(A). T.R. 4.10 sets forth the procedures to serve the Secretary of State as agent for a nonresident. Because Cadle did not attempt service on Overton or his agent, the Secretary of State, before the limitations period expired, the trial court properly granted summary judgment for Overton.

Affirmed.

SULLIVAN, J., and BAKER, J., concur.

---

4. Cadle does not assert T.R. 4.10 is unconstitutional on its face.