IN THE

COURT OF APPEALS OF INDIANA

FILED

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| IN RE INDIANA NEWSPAPERS, INC., d/b/a THE INDIANAPOLIS STAR, | ) ) ) |
| Appellant, | ) ) ) |
| vs. | ) CAUSE NO. 49A02-1211-PL-898 ) |
| JEFFREY M. MILLER, et al., | ) ) |
| Appellees. | ) |

## PUBLISHED ORDER DISMISSING APPEAL

### STATEMENT OF THE CASE[1]

The Indianapolis Star ("The Star") has filed a motion to stay the trial court's discovery order ("the Discovery Order") pending appeal. See Ind. Appellate Rule 39(C). The Discovery Order compelled The Star to disclose the identity of an anonymous commentator to a news report posted on The Star's website. The Star appeals the Discovery Order as a final judgment, but the plaintiffs, Jeffrey M. Miller and Cynthia S. Miller ("the Millers"), contend it is an interlocutory order. Thus, the threshold issue is whether we have subject matter jurisdiction to hear The Star's appeal.

In its Notice of Appeal, The Star indicates that the basis for appellate jurisdiction is an appeal from a final judgment, as defined by Appellate Rule 2(H). The Star

---

[1] We held oral argument on November 20, 2012.

advances two principal arguments in favor of jurisdiction.[2] First, The Star asserts that the Discovery Order is "the beginning and the end" of the case involving The Star, and that the Discovery Order is, thus, severable as a final, appealable judgment. The Star contends that the discovery dispute is a separate "case" against The Star in that the Discovery Order disposes of all issues and leaves nothing for further determination with respect to The Star, which is a non-party to the underlying case. See App. R. 2(H)(1). Thus, The Star reasons that this is not an interlocutory appeal but an appeal of a final order, Verified Response to Verified Motion for Emergency Telephonic Hearing at 2, and that The Star has properly appealed the Discovery Order as a matter of right, id. at 6.

Second, The Star asserts that Article VII, Section 6 of the Indiana Constitution guarantees "in all cases an absolute right to one appeal" and that "[n]o method of appeal exists here other than as a final, appealable order." Id. at 8. Hence, The Star continues, the Discovery Order must be "deemed final by law." See App. R. 2(H)(5).

We conclude that The Star's argument that the Discovery Order is severable as a final judgment is a reprise of the "distinct and separate branch doctrine," which our Supreme Court repudiated in Berry v. Huffman, 643 N.E.2d 327, 329 (Ind. 1994), a doctrine which has been superseded by the requirement that the trial court "direct the entry of a final judgment" under Trial Rule 54(B). Thus, the Discovery Order cannot be considered a final, appealable judgment under Appellate Rule 2(H)(1) because it did not

---

[2] The Star also raises an additional argument under Appellate Rule 66(B). But that rule does not supplement our jurisdiction to hear interlocutory appeals under Appellate Rule 14. Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191, 195-96 (Ind. Ct. App. 2004). Thus, we do not consider The Star's additional argument that we can exercise jurisdiction under Appellate Rule 66(B). Nor did The Star move the trial court to certify the interlocutory order for appeal pursuant to Indiana Appellate Rule 14(B).

dispose of all claims as to all parties and cannot be considered a final, appealable judgment under Appellate Rule 2(H)(2) because the trial court did not expressly determine that there is no just reason for delay and direct the entry of the Discovery Order as a final judgment as to fewer than all the claims or parties under Trial Rule 54(B).

Accordingly, we hold that the Discovery Order is an interlocutory order which is not severable for appeal under the former, discredited "distinct and separate branch doctrine." Further, The Star has not perfected the Discovery Order as a final judgment under Trial Rule 54(B). And we conclude that the Indiana Constitution guarantees an absolute right to one appeal in all cases, not from all orders, and that the Discovery Order is not deemed final by law under Appellate Rule 2(H)(5).[3] Thus, we hold that we lack subject matter jurisdiction to consider The Star's appeal on the merits and we dismiss the appeal. However, we continue the stay previously ordered by this court for seven (7) calendar days from the date of this order, at which time the stay shall automatically expire.

---

[3] In our view the Discovery Order is an interlocutory order under Indiana Appellate Rule 14(B) appealable only upon certification by the trial court and acceptance of jurisdiction by this court, neither of which happened here. See State v. Hogan, 582 N.E.2d 824, 825 (Ind. 1991) (discovery orders are not appealable as of right); see also State v. Bailey, 714 N.E.2d 1144, 1147 (Ind. Ct. App. 1999) (accepting jurisdiction over a non-party discovery order after the trial court certified the order for interlocutory appeal under former Appellate Rule 4(B)(6)). Nonetheless, The Star asserts that the Discovery Order is appealable as a final judgment for "at least two reasons." Verified Response to Verified Motion for Emergency Telephonic Hearing at 6. The Star asserts that, first, as a non-party, it does not have recourse to Indiana Appellate Rule 14(B) and, second, that an interlocutory appeal is inadequate because it is uncertain and does not provide the "absolute right to one appeal" guaranteed by the Indiana Constitution. Id.

3

## FACTS AND PROCEDURAL HISTORY

This is a second appeal following this court's opinion in Miller v. Junior Achievement of Central Indiana, Inc. (In re Indiana Newspapers, Inc.), 963 N.E.2d 534 (Ind. Ct. App. 2012) ("Miller I"). As described in detail in Miller I, the Millers have sued, among others, "DownWithTheColts," an anonymous commentator on The Star's website for defamation. The Star has vigorously defended against releasing the identity of the anonymous commentator.

Prior to our opinion in Miller I, the trial court ordered The Star to release the identity of the commentator. The Star immediately appealed the trial court's discovery order. The Millers filed a motion to dismiss The Star's appeal for lack of subject matter jurisdiction, but that motion was summarily denied by this court's motions panel. Rulings by our motions panel are in fieri and may be re-visited by the writing panel, but the Millers did not re-assert their jurisdictional argument in Miller I, and this court held on the merits that the trial court erred in ordering The Star to release the commentator's identity. Id. at 552-53. We reversed the trial court's order and remanded with instructions that it "require [the Millers] to produce prima facie evidence to support only those elements of [their] cause of action that are not dependent on the commentator's identity." Id. at 552. We expressly excluded from the Millers' burden any showing of actual malice, as that would be dependent on the commentator's identity, id., and we further held that the commentator's statement was, as a matter of law, defamation per se, which would allow the trial court to presume that the Millers had been damaged by the statement, id. at 550.

4

On remand, the trial court held an evidentiary hearing on the Millers' discovery request. Following the hearing, on October 19, 2012, the court found as follows:

11. Based on the evidence presented . . . and the Briefs submitted by both parties . . . the balancing factors weigh in favor of Mr. and Ms. Miller as follows:

a. The statement made by "DownWithTheColts" is defamatory per se and is unprotected, illegal speech. It is not political speech;

b. "DownWithTheColts" had no expectation of privacy;

c. Defamatory speech is illegal and is detrimental to the object of the defamatory speech; thus, chilling this type of speech is warranted and is good public policy;

d. "DownWithTheColts" is already a named Defendant in this matter; thus, Mr. and Ms. Miller require the identity of "DownWithTheColts" for purposes of the lawsuit, specifically to identify a defendant, but also generally as to the relationship "DownWithTheColts" has to other parties in this lawsuit;

e. The Star is the only one who possesses this information.

Order Granting Plaintiffs' Motion for Order Compelling Non-Party Discovery at 4. Accordingly, the court ordered The Star to produce the commentator's identity by October 31.

On October 31, The Star filed an emergency motion to stay enforcement of the Discovery Order in the trial court. The court granted the stay until November 14. The court then amended its stay "until November 16, 2012[,] at which time The Star should seek any further stay from the Indiana Court of Appeals." Order on The Indianapolis

Star's Motion to Stay Enforcement of October 19, 2012 Order and to Amend Order to Provide Required Security at 2.

On November 15, The Star filed its Motion to Stay Order Compelling Identification of Anonymous Speaker Pending Appeal in this court. We granted The Star's motion until we could consider the parties' arguments. Having held oral argument and having reviewed and considered the parties' written submissions, for the reasons explained below we conclude that this court lacks subject matter jurisdiction over The Star's appeal.

## DISCUSSION

### Overview

This court's subject matter jurisdiction is specified by the Indiana Rules of Appellate Procedure adopted by our Supreme Court. See Ind. Const. art. VII, § 6. "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." Troxel v. Troxel, 737 N.E.2d 745, 749 (Ind. 2000).

> Whether [an] order was a final judgment governs the appellate courts' subject matter jurisdiction, and unlike most contentions, lack of [subject matter] jurisdiction is not waived by the parties. Neither the parties nor the trial court can confer appellate jurisdiction over an order that is not appealable either as a final judgment or under Trial Rule 54(B). To the contrary, the lack of appellate jurisdiction can be raised at any time, and if the parties do not question subject matter jurisdiction, the appellate court may consider the issue sua sponte.

Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003) (citing Albright v. Pyle, 637 N.E.2d 1360, 1363 (Ind. Ct. App. 1994)).

6

"[D]ismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." Young v. Estate of Sweeney, 808 N.E.2d 1217, 1219 (Ind. Ct. App. 2004) (citation and quotation marks omitted). "It is the duty of this court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits." Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004). Jurisdiction is a question of law we review de novo. Young, 808 N.E.2d at 1219 (quotation marks omitted).

"'The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments.'" Ramsey v. Moore, 959 N.E.2d 246, 251 (Ind. 2012) (quoting Allstate Ins. Co. v. Fields, 842 N.E.2d 804, 806 (Ind. 2006)). Indiana Appellate Rule 5 defines the limits of our jurisdiction. That Rule provides in pertinent part:

> A. Appeals From Final Judgments. Except as provided in Rule 4, the Court of Appeals shall have jurisdiction in all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts, notwithstanding any law, statute or rule providing for appeal directly to the Supreme Court of Indiana. See Rule 2(H).
>
> B. Appeals From Interlocutory Orders. The Court of Appeals shall have jurisdiction over appeals of interlocutory orders under Rule 14 except those appeals described in Rule 4(A)(3).

"Succinctly stated, a final judgment 'disposes of all issues as to all parties thereby ending the particular case.'" Georgos, 790 N.E.2d at 451 (quoting Doperalski v. City of Michigan City, 619 N.E.2d 584, 585 (Ind. Ct. App. 1993)). Indiana Appellate Rule 2(H) defines final judgments. According to that Rule:

7

A judgment is a final judgment if:

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

App. R. 2(H). Indiana Trial Rule 54(B) provides, in pertinent part, that "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Appellate jurisdiction may also lie from certain nonfinal, interlocutory orders. "An appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B).[4] A trial court's certification of an interlocutory order is within its discretion and "upon motion by a party." App. R. 14(B)(1). However, "[a]n appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. The authorization is to be strictly construed, and any attempt to

---

[4] Indiana Appellate Rule 14(A) defines a specific class of interlocutory orders that may be appealed as of right without prior certification from the trial court. There is no question that the Discovery Order is not appealable as of right under Appellate Rule 14(A). There is also no dispute that Appellate Rules 14(C) and 14(D) do not apply here.

8

perfect an appeal without such authorization warrants a dismissal." <u>Scroghan</u>, 801

N.E.2d at 193.

The Star contends that, because Appellate Rule 2(H)(1) and Rule 14(B)(1) refer to

"parties," and The Star is a non-party, this appeal must be authorized under the

"otherwise deemed final by law" provision in Rule 2(H)(5)[5] and by Article VII, Section 6

of the Indiana Constitution. Article VII, Section 6 states:

> Jurisdiction of Court of Appeals. The Court shall have no original
> jurisdiction, except that it may be authorized by rules of the Supreme Court
> to review directly decisions of administrative agencies. <u>In all other cases, it
> shall exercise appellate jurisdiction under such terms and conditions as the
> Supreme Court shall specify by rules which shall, however, provide in all
> cases an absolute right to one appeal</u> and to the extent provided by rule,
> review and revision of sentences for defendants in all criminal cases.

(Emphasis added.) According to The Star, "an absolute right to one appeal" entitles it to

a direct appeal from the trial court's Discovery Order against a non-party. The necessary

and implied corollary to The Star's argument is that The Star's constitutional rights and,

by representation, the constitutional rights of the anonymous commentator, will be

violated if the Discovery Order is not deemed a final, appealable judgment. The Star

presents what amounts to a constitutional challenge to the Trial Rules and Rules of

Appellate Procedure governing appeals from final judgments and interlocutory orders.

Thus, we will address The Star's contentions that, because it is a non-party, the

Discovery Order is a final judgment as against The Star and, therefore, that The Star has a

constitutional right to a direct appeal from the Discovery Order.

---

[5] In its Notice of Appeal, The Star specifically relied on Appellate Rule 2(H)(5) as the basis for its appeal. Aside from Article VII, Section 6 of the Indiana Constitution, The Star does not cite any authority suggesting that a discovery order may be "deemed final by law." Ind. Appellate Rule 2(H)(5).

9

## The Star has Standing as a Third-Party Representative

The Star's reading of our rules of procedure is premised on its status as a non-party to these proceedings. The question presented is essentially a question of standing, namely, whether The Star has standing as a non-party to perfect this appeal under our rules of trial and appellate procedure. In Miller I, we held that The Star is the third-party representative of the anonymous commentator and, as such, The Star had standing to raise the First Amendment rights of the anonymous commentator as if they were The Star's. 963 N.E.2d at 549. The same rule of law allows The Star to perfect an appeal under our existing rules of practice and procedure.

As we explained in Miller I, The Star has third-party standing to resist the Discovery Order on First Amendment grounds on behalf of the unnamed party as if The Star were itself a party. Id. "[W]hen a third-party entity, such as a newspaper, is subpoenaed to reveal the identity of an anonymous commentator who has used that third party as a forum for his anonymous speech, the third[ ]party has standing to contest the subpoena . . . ." Id. "As a result," we continued, "The Star has standing to argue these First Amendment issues on behalf of 'DownWithTheColts.'" Id.

At oral argument, The Star asserted that it does not "stand in the shoes" of the unnamed defendant. On the one hand, we agree that the Star does not stand in the shoes of the unnamed defendant in that The Star is immune from liability. But it is undisputed that The Star is aligned with and has standing as a matter of law to act on behalf of "DownWithTheColts" before the trial court on the First Amendment issues and, to that extent, The Star does stand in the shoes of "DownWithTheColts." This is known as jus

10

tertii standing, under which media entities may assert the First Amendment rights of their readers and subscribers. See McVicker v. King, 266 F.R.D. 92, 95 (W.D. Pa. 2010). This rule of law recognizes the singular importance of the First Amendment. While The Star is not named as a party, jus tertii standing gives The Star standing de jure as a media entity to act as a surrogate or proxy in asserting the First Amendment rights of an unnamed defendant, in other words, to act as a "third-party representative" of the unnamed defendant, as if The Star were a party. See Enterline v. Pocono Medical Center, 751 F. Supp. 2d 782, 786 (M.D. Pa. 2009) (newspaper had standing as "third-party representative" to assert First Amendment rights of anonymous commentators). It follows that, just as The Star has third-party standing in the trial court to represent the First Amendment rights of the unnamed defendant, "DownWithTheColts," The Star also has third-party standing to pursue an appeal from the Discovery Order on First Amendment grounds in the Court of Appeals.

In other words, The Star could have asserted that it has the same jus tertii standing to pursue an appeal on the First Amendment issues as "DownWithTheColts" would have had if he or she had been identified and named as a party. Instead, The Star contends, in effect, that while a party must first comply with either Trial Rule 54(B) or Appellate Rule 14(B) to appeal from an interlocutory discovery order, a non-party has an absolute right to a direct appeal from an interlocutory discovery order. This asks too much. This would mean that non-parties have greater rights than parties have to appeal from a discovery order. A non-party cannot have greater rights than a party would have to perfect an appeal by the entry of a final judgment under Trial Rule 54(B) or a discretionary

interlocutory appeal by certification under Appellate Rule 14(B). If, as The Star contends, the Discovery Order has all of the attributes of a complete and severable final judgment against The Star, then The Star should have moved the trial court to direct the entry of a final judgment under Trial Rule 54(B). If The Star's de jure standing to pursue an appeal as the third-party representative of "DownWithTheColts" were disputed, that issue could have been litigated in the trial court in the first instance and in this court if necessary.

In sum, The Star is not a traditional non-party. In this unique First Amendment context, and where as here The Star seeks to vindicate the First Amendment rights of an unnamed party, The Star has standing as a de jure party to purse an appeal under Indiana Trial Rule 54(B). It would be incongruous for The Star to have standing in the trial court as a matter of law as a third-party representative acting as a proxy or surrogate for the unnamed defendant on the merits and not also have the same standing to pursue an appeal from the Discovery Order. But The Star does not have greater rights to pursue a direct appeal from a discovery order than a party would have.

### The Distinct and Separate Branch of Litigation Doctrine

The Star declares, ipse dixit, that the Discovery Order is equivalent to a final judgment because it is "the beginning and the end" of The Star's involvement in an ongoing case and that otherwise "The Star [is] without any meaningful remedy because it is not a party to the underlying case." Verified Response to Verified Motion for Emergency Telephonic Hearing at 5. The Star then reasons that the "right to one appeal" provision in Article VII, Section 6 applies to the Discovery Order. We cannot agree.

12

Although a rule adopted by the Supreme Court is not a statute, it has the same binding force as any formally promulgated statute. The Cadle Company II, Inc. v. Overton, 857 N.E.2d 433, 435 (Ind. Ct. App. 2006), trans. denied. When we interpret our rules of procedure, we follow the same rules of construction as when we interpret statutes. Carter-McMahon v. McMahon, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004). And it is a familiar canon of statutory interpretation that statutes should be interpreted so as to resolve issues on constitutional grounds as a last resort. City of Vincennes v. Emmons, 841 N.E.2d 155, 162 (Ind. 2006). Just as with statutes enacted by the legislature, there is a presumption that the trial and appellate rules adopted by our Supreme Court are constitutional. Overton, 857 N.E.2d at 435. The burden is on the party challenging the constitutionality of a rule or statute. Id. We cannot assume that our Supreme Court would adopt rules that would violate the constitutional rights of non-parties.

In essence, The Star's argument is an attempt to resurrect the "distinct and separate branch of the litigation" doctrine. In Berry, our Supreme Court explained:

> prior to the adoption of the Indiana Rules of Trial Procedure in 1970[,] Indiana case law held that a judgment was final and appealable even if it did not dispose of all the issues as to all the parties, so long as it disposed of "a distinct and definite branch of the litigation[.]" See, e.g., Guthrie v. Blakely (1955), 234 Ind. 167, 125 N.E.2d 437. In multiparty litigation, this meant that an order finally determining all of the issues and claims raised by one of the parties was final. If that party failed to perfect a timely appeal from that judgment, he lost his right to appeal. See Washington v. Chrysler Corp. (1964), 137 Ind. App. 482, 200 N.E.2d 883.
>
> This scheme, however, often left litigants uncertain whether to pursue an appeal that might be dismissed as premature or risk losing their right of appeal altogether. Following the federal model, we adopted Indiana Trial Rules 54(B) and 56(C) in an effort to provide greater certainty to the parties and to strike an appropriate balance between the interest in the

13

speedy review of certain judgments and the inefficiencies of piecemeal appeals. See 3 William F. Harvey, Indiana Practice: Rules of Procedure Annotated § 54.2 at 480-82 (2nd ed. 1988 & Supp.1993).

\* \* \*

We hold today that the certification requirements of Trial Rules 54(B) and 56(C) supersede the distinct and definite branch doctrine. Accord Stanray Corp. v. Horizon Construction, Inc. (1976), 168 Ind. App. 164, 342 N.E.2d 645 (same); see also Evansville-Vanderburgh School Corp. v. Evansville Teachers Ass'n (1986), Ind. App., 494 N.E.2d 321. Judgments or orders as to less than all of the issues, claims, or parties remain interlocutory until expressly certified as final by the trial judge. To the extent that ... cases support the distinct and definite branch doctrine, they are overruled. Were we to hold otherwise, litigants would again be left to guess whether or not a given order was appealable. This is precisely the situation that T.R. 54(B) and 56(C) were drafted and adopted to prevent.

643 N.E.2d at 328-29. We note that while Trial Rule 54(B) refers to claims and parties, unlike Appellate Rule 14(B), no motion by a "party" is required to activate Trial Rule 54(B).

The Star contends that the Discovery Order must be deemed a final judgment, and that a stay pending appeal is necessary, because The Star would not otherwise be able to vindicate its "constitutional rights against compelled disclosure of anonymous sources who exercise their rights to free speech." Verified Response to Verified Motion for Emergency Telephonic Hearing at 3. But to hold that the Discovery Order is a final, appealable judgment would require that we ignore our Supreme Court's holding in Berry that "the certification requirements of Trial Rule 54(B) . . . supersede the distinct and definite branch doctrine" and that "[j]udgments or orders as to less than all of the issues, claims, or parties remain interlocutory until expressly certified by the trial judge." 643

14

N.E.2d at 329. And, again, in <u>Martin v. Amoco Oil Co.</u>, our Supreme Court reiterated the <u>Berry</u> holding that, "[a] judgment or order as to less than all of the issues, claims, or parties in an action may become final only by meeting the requirements of T.R. 54(B)." 696 N.E.2d 383, 385 (Ind. 1998). Indeed, Trial Rule 54(B) is emphatic and unambiguous that, unless the trial court makes a determination and directs the entry of a final judgment as provided in that rule, "in other cases a judgment, decision or order as to less than all the claims and parties is not final." Recourse to Trial Rule 54(B) certification is not limited to "parties," even though The Star is a third-party representative, and The Star could have sought to have the Discovery Order declared final under Trial Rule 54(B), which would have given this court jurisdiction under Appellate Rule 2(H)(2). But The Star did not ask the trial court to direct the entry of final judgment on the Discovery Order under that rule, and The Star cannot circumvent the holding in <u>Berry</u> merely by declaring that the Discovery Order completes the case against The Star and is, therefore, a final, appealable order. That determination is vested in the trial court. As such, the Discovery Order is not final, and it is not appealable under Trial Rule 54(B).

As noted above, discovery orders are interlocutory orders, not final judgments. See <u>State v. Hogan</u>, 582 N.E.2d 824, 825 (holding that an order to compel the production of documents during discovery "is appealable only . . . if the trial court certifies it for interlocutory appeal and the court on appeal decides to accept the appeal").[6] Thus, The

---

[6] The Star's reliance on <u>Bailey v. Ind. Newspapers, Inc. (In re T.B.)</u>, 895 N.E.2d 321, 331 (Ind. Ct. App. 2008), is misplaced. In that case, the trial court "closed T.B.'s CHINS case because of her death." <u>Id.</u> at 328. The Star then filed its records request, and "[t]he juvenile court reopened the CHINS case for the limited purpose of determining whether the requested records could be released." <u>Id.</u> On appeal from the court's judgment on the release of the records, we held that the court's judgment was a

15

Star's constitutional interpretation would require that we equate interlocutory orders against non-parties with final judgments, which we cannot do. Further, The Star's interpretation of the Article VII, Section 6 term "in all cases" would mean that the Indiana Constitution guarantees not only the right to an appeal from final judgments but also to an appeal from interlocutory orders. Indeed, as we have noted, The Star contends that Appellate Rule 14(B) applies only to "a party," and that even if Appellate Rule 14(B) certification were available to non-parties, the remedy of a discretionary interlocutory appeal "is not adequate because it is not certain, i.e., it does not begin to provide the 'absolute right to one appeal' guaranteed by the Indiana Constitution." Verified Response to Verified Motion for Emergency Telephonic Hearing at 6; see footnote 3, supra. If The Star's argument were correct, Appellate Rule 14(B), which governs discretionary interlocutory appeals, would be unconstitutional per se because such appeals are not appeals as of right but can only be perfected if the trial court certifies its order and the Court of Appeals accepts jurisdiction. The Star's argument is, in effect, a constitutional challenge to the distinction between interlocutory appeals as of right under Appellate Rule 14(A) and discretionary interlocutory appeals under Appellate Rule 14(B). This argument is a bridge too far.

We hold that the Discovery Order is not a final, appealable judgment under our Trial or Appellate Rules, and that the Indiana Constitution does not guarantee The Star the right to a direct appeal of an interlocutory discovery order.

---

final judgment. Id. at 331. In Bailey, the interlocutory orders did, in fact, "dispose of all claims as to all parties" in the CHINS proceeding. The facts of In re T.B. are readily distinguishable.

16

## CONCLUSION

In sum, we do not have authority under the Rules of Appellate Procedure to treat an interlocutory order as if it were a final judgment. The distinction between interlocutory orders and final judgments is well-established and supported by abundant authority, including both the trial and appellate rules and a significant number of reported cases. The rules of practice and procedure are clear that not all interlocutory orders can be appealed. App. R. 5; see Hogan, 582 N.E.2d at 825-26 (under former Appellate Rules 4(B)(1) and 4(B)(6), order to compel production of documents not appealable as of right but only as discretionary interlocutory appeal). Further, again, neither the parties nor the trial court can confer appellate jurisdiction over an order that is not appealable either as a final judgment or under Trial Rule 54(B). Georgos, 790 N.E.2d at 451. And our Supreme Court has emphatically repudiated the distinct and separate branch doctrine advanced by The Star that would treat the interlocutory Discovery Order at issue here as if it were an appealable, final judgment. See Berry, 643 N.E.2d at 328-29; Martin, 696 N.E.2d at 385. Finally, if appellate subject matter jurisdiction included the absolute right of non-parties to appeal from interlocutory discovery orders, there would be no end to appeals from such orders, and the Court of Appeals would become entangled in discovery disputes. The management of discovery is first the responsibility of the parties. Our discovery rules are designed to allow liberal discovery with a minimum of court involvement in the discovery process. See Richey v. Chappell, 594 N.E.2d 443, 445 (Ind. 1992). Discovery orders are subject to intervention by the trial courts but are rarely the business of the appellate courts.

17

Accordingly, we must reject The Star's contention that the Discovery Order is a final, appealable judgment. We hold that The Star has standing in its capacity as the de jure representative of an unnamed defendant on First Amendment issues to seek an appeal from the Discovery Order under Trial Rule 54(B) and Appellate Rule 2(H)(2). And we reject the argument that under Article VII, Section 6 of the Indiana Constitution, the Discovery Order must be "deemed final by law" under Appellate Rule 2(H)(5) in order to preserve The Star's constitutional right to appeal from the Discovery Order. The Star does not have an absolute right to appeal an interlocutory discovery order any more than a party would have an absolute right to appeal a discovery order in any other case.

Thus, we are obliged to dismiss this appeal for lack of subject matter jurisdiction.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Because this Court lacks subject matter jurisdiction over this appeal, this appeal is DISMISSED.

2. The stay ordered by this court pending our review of the parties' arguments shall remain in effect for seven (7) calendar days from the date of this order, at which time the stay shall automatically expire.

3. The Appellant, Indiana Newspapers, Inc. d/b/a The Indianapolis Star's, Motion for Leave to File a Reply in Support of Appellant's Motion for Stay is DENIED AS MOOT.

4. The Clerk of this Court is directed to serve copies of this order on the parties, the trial court, and the Clerk of the Marion Circuit & Superior Courts.

18

5.    The Clerk of the Marion Circuit & Superior Courts is ordered to file a copy of this order under Lower Cause No. 49D07-1003-PL-14761, and, pursuant to Indiana Trial Rule 77(D), the Clerk shall place the contents of this order in the Record of Judgments and Orders.

6.    The Clerk of this Court is directed to send copies of this order to the Thomson Reuters West Publishing Company and to all other companies, services, and individuals to whom published opinions and orders are normally sent.

ORDERED this 7th day of December, 2012.

Najam, Brown, JJ, concur.

FOR THE COURT,

_____
                    · Chief Judge

Pyle, J. dissents.

The majority holds that The Star's appeal must be dismissed because it is not a final judgment. I respectfully dissent. The majority ably argues that Indiana Trial Rule 54(B) and the rule announced in *Berry v. Huffman*, 643 N.E.2d 327 (Ind. 1994) permit shoehorning The Star into this litigation as a party. However, I submit that the shoe does not fit.

It is important to remember that the Millers sought information in The Star's possession through the use of a subpoena. As a result, The Star has chosen to contest the basis for that subpoena and subsequent order compelling disclosure. In other words, it

19

has invoked due process interests in making sure that it is legally obligated to comply with the subpoena, including appellate review. To be sure, allowing The Star to seek appellate review of the trial court's latest order slows down the litigation process initiated by the Millers. However, due process interests should trump concerns about expediting litigation.

My view is that Trial Rule 54(B) and *Berry* apply to parties involved in the underlying litigation, not to The Star. Another panel of this Court correctly saw The Star as a non-party seeking appellate review of a trial court's order. It seems unreasonable to expect a non-party to seek appellate review using a Trial Rule designed for parties (The Star is not raising a claim for relief under Trial Rule 54(B) and is not a party to the litigation). Preventing The Star from seeking appellate review of a new court order seems to change the rules of the road. For these reasons, I would respectfully submit that we have jurisdiction to hear the appeal.