FILED

Apr 05 2016, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Volney Brand
Brand Law PLLC
Dallas, Texas

Brad Johnson
Seymour, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pain Medicine and Rehabilitation Center and Anthony Alexander, M.D., <br><br> *Appellants-Defendants,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 5, 2016 <br><br> Court of Appeals Case No. 36A01-1508-CR-1107 <br><br> Appeal from the Jackson Circuit Court <br><br> The Honorable Richard W. Poynter, Judge <br><br> Trial Court Cause No. 36C01-1505-MC-137 |

**Najam, Judge.**

## Statement of the Case

[1]     In February of 2015, the State, acting through its Medicaid Fraud Control Unit and in accordance with various federal, state, and local agencies, opened a criminal cause of action against Pain Medicine and Rehabilitation Center and

Dr. Anthony Alexander (collectively, "PMRC") for the sole purpose of enforcing a subpoena *duces tecum* against PMRC. In response, PMRC filed a motion for a preliminary injunction against the State, which the trial court denied without a hearing. PMRC purports to appeal from that judgment, but we hold that PMRC's motion in the trial court was not procedurally correct and, in turn, that this appeal is not properly before us.

We dismiss.

## Facts and Procedural History

After receiving numerous complaints with respect to prescriptions issued by PMRC and PMRC's billing practices, in February of 2015 the State served PMRC with a subpoena *duces tecum*, which demanded the complete medical records of all of PMRC's patients seen on six particular dates and the complete medical records of approximately eighty other patients. PMRC refused to comply, and, on March 7, the State opened a miscellaneous criminal cause against PMRC for the sole purpose of having the court compel PMRC to comply with the subpoena.[1] Although the trial court initially granted the State's motion to compel, at PMRC's request the court later set aside that order.

On June 1, PMRC filed its motion for a preliminary injunction. In its motion, PMRC sought to enjoin the State from "proceeding in [its] investigation" on the

---

[1] Indiana Code Section 4-6-10-3 (2015) permits the State to "issue, serve, and apply to a court to enforce, a subpoena . . . to produce books, papers, or other records . . . for inspection and examination."

theory that the State's investigation of PMRC was not "within [the State's] statutory and constitutional authority." Appellee's App. at 1. The State responded to PMRC's motion in due course. Without holding a hearing, on July 16, 2015, the trial court denied PMRC's motion for a preliminary injunction in a general order. This appeal ensued.

## Discussion and Decision

PMRC asserts that the trial court erred when it denied PMRC's motion for a preliminary injunction. But the State asserts that this appeal is not properly before this court. We agree with the State.[2]

It is well established that the authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments. *Ind. Newspapers, Inc. v. Miller*, 980 N.E.2d 852, 857 (Ind. Ct. App. 2012), *aff'd on reh'g* (2013), *trans. denied*. "'Succinctly stated, a final judgment disposes of all issues as to all parties thereby ending the particular case.'" *Id.* (quoting *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). "Appellate jurisdiction may also lie from certain nonfinal, interlocutory orders." *Id.* Indiana Appellate Rule 14(A) "defines a specific class of interlocutory orders that may be appealed as of right without prior certification from the trial court," such as orders granting or refusing to grant a preliminary injunction. *Id.* at 857 n.4; *see* Ind. Appellate Rule 14(A)(5). "An appeal may be

---

[2] We reject PMRC's suggestion that we cannot consider our jurisdiction in the first instance on appeal.

taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B). "An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court." *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004). "The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal." *Id.*

[7] We initially note both what this action is and what it is not. This action exists only because the State, pursuant to statutory authority, applied to the trial court for the enforcement of the State's subpoena *duces tecum* under a criminal cause number after PMRC had refused to comply voluntarily with that subpoena. *See* Ind. Code § 4-6-10-3 (2015). The State has not filed criminal charges against PMRC. *See, e.g.*, *Oman v. State*, 737 N.E.2d 1131, 1134 (Ind. 2000) (reviewing a subpoena *duces tecum* on interlocutory appeal following the trial court's denial of the defendant's motion to suppress and certification of its order for interlocutory review); *Sweeney v. State*, 704 N.E.2d 86, 108 (Ind. 1998) (reviewing the trial court's decision to quash the defendant's subpoena *duces tecum* on direct appeal following the defendant's conviction). And PMRC has not opened a civil cause of action against the State seeking, for example,

declarative or injunctive relief to enjoin an investigation.[3] *See, e.g.*, *Planned Parenthood v. Carter*, 854 N.E.2d 853, 862 (Ind. Ct. App. 2006).

[8] As such, while PMRC sought in its motion for a preliminary injunction to enjoin the State from "proceeding in [its] investigation," the entirety of the State's "investigation" against PMRC was not before the trial court.[4] *See* Appellee's App. at 1. Rather, the trial court had before it only the question of enforcing the subpoena. Thus, while PMRC's motion simply sought to have the trial court quash or modify the subpoena, PMRC styled the motion as a request for a preliminary injunction under Indiana Trial Rule 65.

[9] But we have other rules of procedure for such matters. In particular, Indiana Criminal Rule 2 permits the State to obtain subpoenas *duces tecum* in the course of criminal investigations. That Rule expressly permits the party to whom the subpoena is directed to move the court to "quash or modify the subpoena if it is unreasonable and oppressive." Ind. Crim. Rule 2(1). Our Criminal Rules also permit a rule of trial procedure to apply in criminal proceedings, but only "so far as they are not in conflict with any specific rule adopted . . . for the conduct of criminal proceedings." Crim. R. 21. With respect to subpoenas *duces tecum*, our Trial Rules state that the court, "upon motion made promptly and in any

---

[3] PMRC does not suggest that it is permitted to file a counter-claim against the State in a criminal cause of action against it.

[4] Indeed, prior to the State's issuance of the subpoena, under another cause number the trial court had issued a search warrant for PMRC's facilities.

event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable or oppressive . . . ." Ind. Trial Rule 45(B). And, with respect to discovery generally, our Trial Rules state that the court, "[u]pon motion by any party . . . from whom discovery is sought, and for good cause shown, . . . may make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." T.R. 26(C). Trial Rule 26(C) then provides nine examples in which such a protective order might be justified, such as "that the discovery not be had," "that certain matters not be inquired into, or that the scope of the discovery be limited . . . ." *Id.*

[10] PMRC did not challenge the State's subpoena *duces tecum*—again, the only matter actually before the trial court in this limited criminal cause—under Criminal Rule 2, under Trial Rule 45(B) (with respect to subpoenas *duces tecum* specifically), or even under Trial Rule 26(C) (with respect to discovery generally). Instead, PMRC ignored the subpoena outright and then moved for a preliminary injunction against the State pursuant to Trial Rule 65. We conclude that this use of Trial Rule 65 conflicts with the specific procedure for challenging a subpoena prescribed in Criminal Rule 2. Accordingly, under Criminal Rule 21, PMRC's attempted use of Trial Rule 65 was not procedurally correct.

[11] Thus, we agree with the State that PMRC's appeal is not properly before us. First, the trial court's general denial of PMRC's procedurally incorrect motion was not a final judgment. Again, a final judgment "disposes of all issues as to

all parties thereby ending the particular case." *Ind. Newspapers, Inc.*, 980 N.E.2d at 857 (quotations omitted). Here, the only dispute the trial court has been asked to rule on is a discovery dispute. And to conclude that this limited cause of action resolved "all issues as to all parties thereby ending the particular case" would mean that all discovery disputes brought pursuant to Indiana Code Section 4-6-10-3 would be immediately appealable, contrary to long-standing Indiana law that prohibits "an appeal as of right from every order to produce documents during discovery." *State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991). Second, as explained above, while PMRC styled its motion in the trial court as a motion for a preliminary injunction, that was incorrect. Accordingly, PMRC is not entitled to an appeal as of right under Indiana Appellate Rule 14(A)(5). Because there is no other basis for appellate jurisdiction, we dismiss.

[12] Dismissed.

Riley, J., and May, J., concur.