## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 31 2020, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Daniel J. Zlatic
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tina Gallo and Rubino, Ruman, Crosmer & Polen, LLC, <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> Allstate Property and Casualty Insurance Company, <br><br> *Appellee-Defendant.* | January 31, 2020 <br><br> Court of Appeals Case No. 19A-CT-2308 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Bruce D. Parent, Judge <br><br> Trial Court Cause No. 45D11-1808-CT-453 |

**Najam, Judge.**

## Statement of the Case

[1] The law firm of Rubino, Ruman, Crosmer & Polen, LLC ("Rubino"), counsel for Tina Gallo, appeals the trial court's entry of sanctions against it on

discovery disputes. Rubino presents one issue for our review, namely, whether the trial court abused its discretion when it sanctioned Rubino. However, we do not reach the merits of this appeal because we lack subject matter jurisdiction.

[2] We dismiss.

## Facts and Procedural History

[3] On November 12, 2018, Gallo, who was represented by Rubino, filed a complaint against Jun Zhang and Allstate Property and Casualty Insurance Company ("Allstate") after Gallo was involved in a motor vehicle collision with Zhang. In her complaint, Gallo alleged that Zhang had caused the collision and that, as a result, Gallo had sustained injuries and incurred medical expenses. Gallo, who was insured by Allstate, further alleged that Zhang was an underinsured or uninsured motorist. Allstate filed its answers and affirmative defenses.

[4] Gallo filed a notice of video deposition in which it sought to depose an employee of Allstate. Allstate filed a motion for a protective order in which it alleged that the proposed deposition was improper because it "requests material prepared in anticipation of litigation," which Allstate asserted was not discoverable. Appellant's App. Vol. II at 28. Gallo then filed a response in which she asserted that, because she had not yet asked any questions, it was "premature" for Allstate to claim that the deposition sought privileged information. *Id.* at 34.

[5]     After the trial court received the motion for protective order and Gallo's response, the court ordered the parties' attorneys to attend a discovery conference. Specifically, the court ordered Rubino to provide a list of questions to Allstate that it intended to ask at the deposition. Rubino and counsel for Allstate met on September 12, 2019. Following that meeting, the parties filed a report with the trial court in which the parties stated that Rubino had "provided the questions [it] would ask which generally are the interrogatories propounded previously, plus follow up questions which depend on the answer given by the deponent." *Id.* at 40. Also in that report, counsel for Allstate indicated that it "did already object in its Reponses to [Gallo's] interrogatories and adopts the same" and that it reserved the right object to follow-up questions. *Id.* And the parties stated that the "issues presented in the Motion [for protective order] and Response are still at issue and need to be ruled on the by the Court." *Id.*

[6]     On September 25, the trial court held a hearing on Allstate's motion for protective order and Gallo's response. At the hearing, Rubino reiterated that the questions it intended to ask at the deposition were the interrogatories "along with reasonable follow up questions," which "can't be anticipated." Tr. Vol. II at 5. Rubino then informed the court that Allstate only had four objections, at which point Allstate interjected and stated that that was not correct. The court then "call[ed] a timeout" and directed the parties to meet in the conference room to attempt to resolve the issues. *Id.* at 6.

[7]     As a result of the meeting, Allstate stipulated that Gallo was not at fault for the accident. Based on that stipulation, Rubino agreed to withdraw five of the

twenty-two interrogatories, and Allstate agreed that it was not worth contesting nine of the remaining questions. However, the parties disagreed on the final eight interrogatories and asked the court to rule on those questions. The court then stated: "I gave you an order and I told you to do certain things and it doesn't sound like you did it other than got together and ate cake.[1] . . . It's my intention to award attorney's fees here. Neither of you did what I told you." *Id*. at 9. The court then took the matter under advisement.

[8] Thereafter, on February 27, the court issued an order in which it partially granted and partially denied Allstate's motion for protective order. Specifically, the court ordered that Gallo could depose Hernandez but that she was precluded from asking certain questions. The court also found that Rubino had "directly disobeyed this Court's order as [it] did not prepare a list of questions that [it] sought to ask Ms. Hernandez at her deposition," which conduct "prolonged, interrupted, and complicated the hearing on this matter." Appellant's App. Vol. II at 10. Accordingly, the court entered discovery sanctions against Rubino in the amount of $625.00 but did not specify when that payment was required to be made. This interlocutory appeal ensued.

## Discussion and Decision

[9] Rubino asserts that the trial court abused its discretion when it issued discovery sanctions against Rubino. However, we do not reach the merits of Rubino's

---

[1] Counsel for Allstate brought cake to the parties' discovery conference.

appeal because we lack subject matter jurisdiction. "It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits." *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*. "Jurisdiction is a question of law we review *de novo*." *Ind. Newspapers, Inc. v. Miller*, 980 N.E.2d 852, 857 (Ind. Ct. App. 2012), *aff'd on reh'g*, 980 N.E.2d 863 (Ind. Ct. Appl. 2013), *trans. denied*.

[10] Rubino does not appeal following a final judgment but, rather, brings an interlocutory appeal. The Indiana Appellate Rules provide that this Court "shall have jurisdiction over appeals of interlocutory orders" pursuant to Indiana Appellate Rule 14. Ind. Appellate Rule 5(B). "An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. *The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal*." *Allstate Ins. Co.*, 801 N.E.2d at 193 (emphasis added, citation omitted).

[11] Here, Rubino purports to bring this interlocutory appeal under Indiana Appellate Rule 14(A)(1), which allows a party to bring an interlocutory appeal as of right when the court issues an order "[f]or the payment of money." However, that rule applies only to orders for the payment of money that "carry financial and legal consequences akin to those more typically found in final judgments." *State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991). Accordingly, to constitute an appealable interlocutory order under that rule, the order must require the payment of "a specific sum of money *by a date certain*[.]" *DuSablon v.*

*Jackson Cty. Bank*, 132 N.E.3d 69, 76 (Ind. Ct. App. 2019) (emphasis added), *trans. pending*; *see also Huber v. Montgomery Cty. Sheriff*, 940 N.E.2d 1182, 1185 (Ind. Ct. App. 2010).

[12] Here, the trial court entered sanctions against Rubino in the amount of $625.00, which is a sum certain. However, the court's order does not state a time for the payment of that sanction. Rather, the court's order simply states that "[d]iscovery sanctions were entered in favor of the Law Office of Allstate and against [Rubino] in the amount of $625.00, and that amount is today set to judgment." Appellant's App. Vol. II at 11. Thus, the court entered an ordinary money judgment. Because the order does not require Rubino to pay the sanction by a date certain, it is not appealable as of right pursuant to Appellate Rule 14(A)(1). *See Huber*, 940 N.E.2d at 1182. Accordingly, we lack jurisdiction over Rubino's claim, and we dismiss this appeal.

[13] Dismissed.

Vaidik, J., and Tavitas, J., concur.